The judgment of the court was pronounced by
Rost, J.
The plaintiff, who is a minor over eighteen years of age, applied to the district court to be emancipated, under the act of 1847, providing for the emancipation of minors. The clerk of the district court made the order for the family meeting required in such cases, and appointed an under-tutor ad hoc, to attend said meeting, on the suggestion of the plaintiff that his under-tutor had left the State. The family meeting advised the emancipation, and its proceedings were homologated. The plaintiff then presented another petition, *245 praying that his tutor might be ordered to account. The order on this petition was made by the clerk’s deputy. The defendant took no notice of it, and after the operation of the legal delays, the plaintiff obtained a rule to show cause why a distringas should not issue against him to compel obedience to the order of the court. On the plaintiff’s motion to make that rule absolute, the defendant appeared and excepted to the proceedings, on the ground that they were illegal and void ; that the plaintiff has never been legally emancipated, and that, if he had been, he could not stand in judgment. These exceptions were overruled ; and the defendant has appealed from the decree making the rule absolute.
The following grounds of error are assigned on the appeal : 1st. The defendant was not cited till after the family meeting had been held. Under the act of 1847, he should have been cited before that time. 2d. The act of 1846 which confers certain judicial powers upon clerks does not confer the same powers upon their deputies.
These grounds of error are both well founded in law. The citation, with a copy of the petition and of the order made thereon, should have been served upon the tutor before the family meeting was held, as has been the uniform practice under the act of 1829, on the same subject-matter. Family meetings have not the means of arriving at correct conclusions, unless they are informed of the facts within the knowledge of the tutor. It is stated, in the procés verbal, that the tutor was cited, but did not appear at the meeting. This is an error: the citation was served four days after the family meeting had been held.
Article 79 of the Constitution authorises the clerks of the district courts to exercise important judicial powers. This is an exception to article 62, which invests the Supreme Court, District Courts,- and Justices of the Peace with the judicial power of the State, and cannot be extended by implication to any officers not specified in the article. The grant of judicial power is made to an officer recognised by the Constitution, and elected by the people; not to the deputies whom he appoints and dismisses at pleasure. The organic laws of 1846 and 1848 do not purport to confer on deputy clerks the judicial powers vested in clerks by the Constitution. They give them no other powers but those previously vested by law in deputy clerks.
It is urged, that under the former organisation of the judiciary, clerks were entrusted with certain judicial powers which their deputies uniformly exercised, and that the framers of the Constitution and the Legislature of 1846 must be presumed to have known and contemplated the ancient practice, legislation, and jurisprudence. A majority of the court do not consider this a legitimate presumption. The only act giving judicial powers to clerks under the old system was passed in 1828. It speaks of clerks alone; deputy clerks had no authority to act under it; and we cannot, without an express declaration of the Convention and of the Legislature, presume that they intended to sanction and authorise that which is wrong and illegal. If the wording of the 79th art of the Constitution left it doubtful whether the powers it confers were extended to deputy clerks, the former practice and the former jurisprudence of the State might assist us in ascertaining the intention of its framers. But, in the absence of all grant of judicial power to deputy clerks, there is no room for interpretation.
This distinction between the clerk and his deputy is not peculiar to our jurisprudence, An act of Congress provides, that the records and judicial proceedings of the courts of any State shall be proved or admittéd in any other court in the United States, by the attestation of the clerk, and the seal of the court annexed, *246 &c. Under this act, it has been uniformly held, that the clerk who certifies the record must be the clerk of the court himself: the certificate of his under-clerk, in his absence, or of the clerk of any other tribunal, is incompetent for that purpose. X Greenleaf, No. 506, and cases there cited.
There being no emancipation, and no legal order to account, the defendant is not in default.
For the reasons assigned, it is ordered, that the judgment in this case be reversed, and the case remanded for further proceedings according to law; the plaintiff and appellee paying the costs of this appeal.