His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a petitory action.
The defendant was cited May 17th, 1915.
The plaintiff alleges that he is the owner of lot 25 in square bounded by Dorgenois (late Delkonde), Rocheblave, Perdido and Gravier Streets, measuring 30 feet front on Dorgenois Street by 171’ 2” deep, for having *214 purchased the same together with the adjoining lot 24 from Widow R. V. Cammack by an Act before A. A. Ker, notary, dated October 5tn, 1883, registered according to law; tnat defendant is in possession of said lot without title and refuses to deliver possession of the same to him, and prays for judgment recognizing him as the owner of said lot and condemning the defendant to deliver possession to Mm.
The defendant pleaded the prescription of ten years. She averred that her husband, during their marriage by act before Robert Legier, notary, dated June 18th, 1903, purchased the said lot from Patrick Gilmartin; that her said husband had the actual possession of said lot from said June 18th, 1903 until the time of his death; that her said husband died May 2nd 1907, and from that time süe had the actual possession-of said lot; that she held the same as surviving widow in community, owner of one-half and usufructuary of the other, half. She prayed that the exception be maintained and the suit dismissed.
There was judgment for defendant and plaintiff has appealed.
The defendant produced a copy of the act of sale mentioned in her answer, by Patrick Gilmartin to Henry Granger of the lot 25 claimed by plaintiff and also of the adjoining lot 24. She also introduced her testimony and that of two witnesses, one of them her son, and they swear that from the time Henry Granger bought the two lots he took possession of them; that at the time one of the lots was improved; that both lots were under the same fence; that Granger died on April 30th, 1907, and after his death his widow and two children, took possession, and Ms widow and children have been living on the property for the last three years.
*215 This was sufficient evidence to establish defendant’s title by prescription under 0. 0., 3479 (3445).
But plaintiff attempted to destroy defendant’s title by impugning the good faith of Henry Granger. The burden of proof was upon him. G. 0., 3481 (3447).
The only circumstance tending to support the plaintiff is that a friend of the defendant recommended him to a lawyer to have his title examined; and that the lawyer reported that he “considered the title extremely unsatisfactory” because the present owner held through a tax title and “though the deed seemed to indicate that all usual and proper proceedings had been taken” he could not undertake to say that the owner or his heirs had been cut off from attacking and setting aside the title, ’ ’ and he considered “every tax title more or less questionable,” he concluded by saying that he did “not recommend this title” but that if Granger bought there should be clear certificates. This friend of the defendant testified that he told Granger that the title was good, and Granger believed that it was good. Granger was a colored man “ignorant as colored men usually are.”
The attorney did not. point -any defect in the title, nor did he say it was bad. He merely did not recommend the title, because it was a tax title, although it appeared that all legal proceedings had preceded it. If such an information could constitute a badge of bad faith, then no purchaser under a tax title could be considered a purchaser in good faith because it is a notorious fact that tax titles are often set aside. But such is not the jurisprudence. 48 A., 476; 37 A., 419. There is a material difference between apprehending that a title under a forced sale might be set aside for irregularities, and being aware of informalities which make the title bad.
*216 Opinion and decree, January 31st, 1916.
What Granger or his widow learned after the sale Is immaterial. It is what he knew at the time of the sale that affects him.
C. C., 3482; 30 A., 937; 15 La., 578.
It makes no difference that the vendor had no title, provided the purchaser honestly believed he had one.
8 M., 630; 33 A., 774, 252; 11 A., 1.12; 10 La., 283; 3 M., 458; 50 A., 38; 7 N. S., 224; 11 M., 713; C. C. 3484 (3450).
Neither a reference to the vendor’s title, nor that the purchaser might, by inquiry and examination, have discovered that his vendor had no title.
4 N. S., 225; 37 A., 419; 38 A., 885; 46 A., 551; 4 La., 277; 5 La., 242 ; 7 A., 3; 2 N. S., 621; 52 A., 1300.
It is therefore ordered that the judgment be affirmed.