## Commonwealth *versus* Morrisey.

A school treasurer is an officer of a municipality of specific statutory creation, and is indictable under the 65th section of the Act of March 31st 1860, which provides that if any state, county, township or municipal officer charged with the collection, safe-keeping, transfer or disbursement of public moneys, should convert to his own use, or use by way of investment any such moneys, or prove a defaulter * * * every such act should be deemed an embezzlement to be punished as a misdemeanor.

March 14th 1878.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Certiorari to the Court of Quarter Sessions of *Luzerne county :* Of January Term 1878, No. 225.

Indictment of Dennis Morrisey, for embezzling school funds, as treasurer and director of the school district of Lackawanna.   The facts are sufficiently set forth in the opinion of this court.

*Charles E. Rice,* District-Attorney, *H. W. Palmer* and *W. H. Gearhart,* for the Commonwealth.

*Alexander Farnham,* contra.

Mr. Justice WOODWARD delivered the opinion of the court, May 6th 1878.

At the Luzerne sessions, in September 1877, Dennis Morrisey, the defendant below, was indicted for the embezzlement of $850 of the moneys of the school district of the township of Lackawanna, of which he was treasurer.   The indictment was framed under the 65th section of the Crimes Act of the 31st of March 1860, which declared that if any state, county, township or municipal officer of the Commonwealth, charged with the collection, safe-keeping, transfers or disbursement of public moneys, should convert to his own use, or use by way of investment any such moneys, or prove a defaulter, or fail to pay over the same on legal requisition by the state, county or township treasurer, or other proper officer or person authorized to demand and receive the same, every such act should be deemed an embezzlement to be punished as a misdemeanor.   At the same sessions, on motion of the defendant's counsel, and on the ground that the treasurer of a school district was

not within the stautory description of a "township or municipal officer," the indictment was quashed.

This question is well worth examination,   A general rule of construction of the criminal code so narrow as that which was here applied, would strip it of half its vitality.  If the action of the Quarter Sessions was warranted, the clear legislative purpose will have been thwarted by a neglect to express it adequately.  In 1860, school directors and the agents they appointed, were popularly regarded as township officers, as fully as constables and supervisors were so regarded.   Such officers, it is true, they were not in a strict technical sense, because they did not possess the powers conferred by law on the agents of townships as corporate bodies. But they exercised corporate powers of their own—including a taxing power which many of the citizens of the Commonwealth had learned to appreciate—over a territory co-extensive with the boundaries of each township.   And by express enactment, school districts had been placed in precisely the same rank of municipal corporations as townships themselves.   By that enactment, when the Act of 1860 was passed, officers of school districts had been made municipal officers, as literally and technically as those of any city or county in the state.

By the 1st section of the Act of the 8th of May 1854, every township, borough and city of the Commonwealth was constituted a school district.   By the 5th and 6th sections, the mode of electing directors was prescribed.   By the 12th section, the school board were required to choose a president, secretary and treasurer annually.   The 16th section provided that the treasurer of each district should give bond, receive all funds of the district, pay all orders of the board, settle his accounts annually, pay over the balance in his hands without delay "to his successor in office," and generally to do and perform all acts and duties "lawfully pertaining to his office."   The 18th section declared that "the several school districts within the Commonwealth shall have capacity as bodies corporate," to sue and be sued, and to purchase, hold, sell and convey real and personal property.   The language used was identical with that of the 3d section of the Act of the 15th of April 1834, which fixed the character of counties and townships as municipal corporations.   Officers of cities were not expressly included in the terms of the 65th section of the code, yet it was held in The Commonwealth v. Marcer, 29 Leg. Int. 52, that their money was protected by the statute.   No doubt is entertained that a school treasurer is indictable under that section as the officer of a municipality of specific statutory creation.   The cause must go back, and the defendant must take the chances of a trial.

The order quashing the indictment is reversed, and the record is remitted for further proceedings in conformity to law.