sion in conflict with the constitution referred to, or any provi-·
sion in either of said constitutions opposed to anything objec-
tionable in said acts of assembly. The whole subject was
carefully considered by the Superior Court, and the conclusions
arrived at were sustained in a satisfactory opinion by Judge
PORTER, which we unhesitatingly affirm.

Judgment affirmed.

---

## Commonwealth *v*. Sulzner.

*School law—Treasurer of school board—Appointed officer—Removal.*

The office of treasurer of a school board is an appointed office within
the meaning of the constitution, and the occupant is removable at the
pleasure of the board. ·

· Argued Jan. 29, 1901. Appeal, No. 166, Oct. T., 1900, by
defendant, from judgment of C. P. No. 3, Allegheny Co.,
Aug. T., 1900, No. 630, awarding writ of mandamus in case of
Commonwealth ex rel. The Board of Directors of the Home-
wood Subschool District, in the 21st Ward of the City of
Pittsburg v. A. F. Sulzner. Before McCOLLUM, C. J., FELL,
BROWN, MESTREZAT and POTTER, JJ. Affirmed. ·

Petition for mandamus to compel payment of money to a
school district.

From the record it appeared that the board of directors of
the Homewood subschool district, in the city of Pittsburg, at
its organization in June, 1900, chose the respondent treasurer
of the board. At a subsequent meeting this action was recon-
sidered and another person chosen in his place. The respon-
dent refused to turn over the money in his hands to the person
chosen as his successor and these proceedings were commenced
to compel him so to do. The court awarded a peremptory
mandamus directing the defendant to pay over the funds in
his hand to the board of directors, or to his successor in the
office of treasurer.

· *Error assigned* was the order of the court.

*Johns McCleave,* of *Watson & McCleave,* for appellant.—The treasurer of a school board having charge of public moneys raised by public taxation is an officer within article 6, section 4, of the constitution : Com. v. Evans, 74 Pa. 124 ; Houseman v. Com., 100 Pa. 222 ; Com. v. Morrisey, 86 Pa. 416.

The word "appoint" cannot be found to be used in connection with the selection of any officer by the people, or by any body composed of representatives of the people.

Both the constitutions of Kentucky and Indiana, in the use of these terms, almost identical with the constitution of Pennsylvania, have been construed finally in accordance with our contention : Speed v. Crawford, 3 Metc. (Ky.) 207 ; State v. Harrison, 113 Ind. 434.

As the defendant does not hold his office of treasurer by appointment, he cannot be removed except for cause : Marbury v. Madison, 1 Cranch, 137 ; Ewing v. Thompson, 43 Pa. 372 ; Field v. Com., 32 Pa. 478 ; Page v. Hardin, 8 B. Monroe (Ky.), 672 ; Foster v. Kansas, 112 U. S. 201 ; Mechem on Public Officers, sec. 454 ; Hallgren v. Campbell, 82 Mich. 260.

The court has no jurisdiction in this form of action. The proper remedy of the plaintiffs is quo warranto and not mandamus : Com. v. Supervisors of Colley Twp., 29 Pa. 121 ; Heffner v. Com., 28 Pa. 112 ; High on Extraordinary Legal Remedies, secs. 49, 50, 53 ; Rex v. Ward, 2 Strange, 893 ; King v. Harris, 3 Burr. 1423 ; Com. v. O'Day, 6 Kulp, 177 ; Com. v. Perkins, 7 Pa. 42 ; Gaul v. Commissioners of Philadelphia, 2 Parsons, 220 ; St. Louis County Court v. Sparks, 10 Mo. 120 ; Hagner v. Heyberger, 7 W. & S. 104 ; Updegraff v. Crans, 47 Pa. 103 ; Gilroy's Appeal, 100 Pa. 5 ; Goldsworthy v. Boyle, 175 Pa. 246 ; Com. v. County Commissioners, 5 Rawle, 77 ; Com. of Kentucky v. Dennison, 24 How. 66 ; High on Extraordinary Legal Remedies, secs. 9, 10, 14, 33, 64 ; James v. Commissioners of Berks County, 13 Pa. 72 ; Overseers of Porter Twp. v. Overseers of Jersey Shore Borough, 82 Pa. 275.

*J. McF. Carpenter,* for appellee.—That the power to appoint carries with it the power to remove, cannot be questioned : Constitution of Penna., art. 6, sec. 4 ; Houseman v. Com., 100 Pa. 222 ; Com. et al. v. Lynch, 8 Pa. Dist. Rep. 347 ; Com. et al. v. Rutherford, 8 Pa. Dist. Rep. 349 ; People v. City of Brooklyn, 149 N. Y. 215.

There is no contract relation between the parties which requires the consent of both to rescind it: Kenny v. Hudspeth, 36 Atl. Repr. 662; Thomas v. Scranton Poor Dist., 4 C. P. Rep. 155.

Even though the appointee has entered on the discharge of his duties at a fixed salary, and the office is abolished by the legislature, no action for salary will lie for an unexpired term: Com. v. McCombs, 56 Pa. 436, approved in Com. v. Weir, 165 Pa. 284.

PER CURIAM, March 11, 1901:

We are satisfied that the court below committed no error in entering the judgment appealed from, and that the office of treasurer of a school board is an appointed office within the meaning of the constitution.

Judgment affirmed.

---

# Lancaster City School District *v.* Lamprecht Brothers Company, Appellant.

*Municipalities—Municipal bonds—Refunding.*

An issue of municipal bonds is not invalid because a portion of the proceeds of the issue is to be applied to paying bonds previously issued for an existing and valid debt, although such bonds themselves may not have been lawfully issued.

Submitted Jan. 29, 1901. Appeal, No. 283, Jan. T., 1900, by defendant, from judgment of C. P. Lancaster Co., June T., 1900, No. 31, on case stated in suit of Lancaster City School District v. Lamprecht Brothers Company. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine the validity of an issue of $50,000 of bonds of the Lancaster city school district.

From the record it appeared that the defendants had contracted to purchase the bonds, provided their legality was established to the satisfaction of their attorney; that the reso-