### Howell v. Keeler.

*School law—Public officers—Removal—Secretary of school board—Mandamus—Constitution, art. vi, sect. 4—Act of May 18, 1911.*

1. A secretary of a school board is a constitutional officer and may be removed by the power which appointed him without the formality of the charge and hearing provided by the School Code of May 18, 1911, § 406, P. L. 309.

2. The duties imposed upon the secretary of a school board are such as place him above that of a mere petty officer.

3. If a secretary of a school board is removed by the board, he may be compelled by mandamus to surrender the books and papers of the district in his hands.

Petition for peremptory mandamus. C. P. Luzerne Co., March T., 1924, No. 202.

*G. J. Clark*, for petitioner; *Henry A. Gordon*, for respondent.

JONES, J., Jan. 23, 1924.—G. L. Howell, acting in his official capacity as president of the Board of Directors of the School District of the Township of Kingston, a school district of the fourth class, petitions the court for a peremptory writ of mandamus, requiring M. E. Keeler, defendant, to turn over

to J. B. Schooley all the books, papers, records and property of the said school district in his hands, as required by section 319 of the School Code.

The petition avers that Keeler was elected secretary of the board of school directors in the year 1921, and that at a meeting of the school board on Dec. 19, 1923, on motion duly made and unanimously carried, Keeler was removed from the office of secretary and a vacancy declared; that Joseph B. Schooley was duly elected as his successor and duly qualified by furnishing bond approved by the board of school directors, and made demand upon Keeler to turn over to him all the records, papers and office property of the school district in his custody, and Keeler's refusal.

To the petition defendant filed a demurrer, contending that he had been elected secretary for a term of four years, and that the board of school directors had no power to remove him or declare the office of secretary vacant, excepting after due notice, giving the reasons therefor, and hearing, if demanded, as required by section 406 of the School Code.

The case involves the single proposition whether a school board can remove a secretary elected under the provisions of the amended section 303 of the Act of May 20, 1921, P. L. 972, for a term of four years, except for the reasons set forth in section 406 of the School Code.

The whole controversy is involved in the question, can a secretary be removed without being accorded a hearing as contemplated by section 406.

The only pretence of a hearing is to be gathered from paragraph 3 of the petition, wherein it is stated that, on motion duly made and unanimously carried, the office of secretary heretofore held by M. E. Keeler was declared vacant, and in open meeting, he (Keeler) was requested to turn over all books, papers, etc., to Joseph B. Schooley, the then elected secretary, and that Keeler refused to turn over the same.

This was not such a hearing as is contemplated by the School Code, and it is not claimed that such a hearing was had. Plaintiff contends that a secretary of the school board may be removed without the formality of a charge and hearing, as provided in section 406 of the Code; that the secretary is removable at the pleasure of the board, without a hearing, under article VI, section 4, of the Constitution, which provides that "appointed officers . . . may be removed at the pleasure of the power by which they shall have been appointed."

If the secretary of the board is an appointed officer within the meaning of this clause of the Constitution, he may be removed at the will of the appointing power, but if he is simply a petty officer, not intended to be included in the constitutional provision, he is subject, as to appointment and removal, to legislative regulations.

In construing this clause of the Constitution, the Supreme Court, in Houseman *v.* Com., 100 Pa. 222, held that the word "officers" includes State, county and municipal officers.

Article X, section 1, of the Constitution provides that the general assembly shall provide for the maintenance and support of a thorough and efficient system of public schools, wherein all the children of this Commonwealth above the age of six years may be educated.

The earlier Constitutions provided for similar provisions, and, in order to carry those provisions into effect, the various acts of assembly were passed, creating our present system of common school education, which provide for the election and appointment of officers necessary to the proper administration of the same, and among these officers the law has provided for the choosing of a secretary.

Howell v. Keeler.

In Com. ex rel. v. Black, 201 Pa. 433, approved of in Duffy v. Cooke, 239 Pa. 427-447, it was held: "Apart from constitutional restrictions, the legislature which creates an office may control the mode of filling or vacating it. . . . Without going into the discussion at length, we are of the opinion that a policeman is a subordinate ministerial agent or employee, like a fireman, a watchman or superintendent of public squares or other property under the orders of a municipal department. He is not an independent 'municipal officer exercising grave public functions,' but, at most, a petty officer, not intended to be included in the constitutional provision, and, therefore, subject, as to appointment and removal, to legislative regulation."

Is the secretary of a school board a mere "petty officer," or an officer exercising grave public functions and clothed with some powers of sovereignty?

In Richie v. Philadelphia, 225 Pa. 511, it was held that "an office is a public one within the meaning of the Constitution if the holder of it exercises grave public functions and is clothed at the time being with some of the powers of sovereignty. . . . In every case in which the question arises whether the holder of an office is to be regarded as a public officer within the meaning of the Constitution, that question must be determined by a consideration of the nature of the service to be performed by the incumbent and of the duties imposed upon him, and whenever it appears that those duties are of a grave and important character, involving, in the proper performance of them, some of the functions of government, the officer charged with them is clearly to be regarded as a public one." Further on in the same case it is stated: "Where, however, the officer exercises important public duties and has delegated to him some of the functions of government, and his office is for a fixed term and the powers, duties and emoluments become vested in a successor when the office becomes vacant, such an official may properly be called a public officer. The powers and duties attached to the position manifest its character."

The School Code provides that the secretary of the board of school directors shall keep a correct and proper record of all the proceedings of the board, and shall prepare such reports and keep such accounts as are required by the provisions of the act, and shall also perform the following duties: Prepare and sign orders on the treasurer for the payment of money authorized by the act; attest in writing the execution of all deeds, contracts, reports and other instruments that are to be executed by the board; furnish reports concerning the school affairs of the district to the State Board of Education or the Superintendent of Public Instruction; general supervision of all the business affairs of the school district, subject to the instructions and directions of the board of school directors; the custodian of all the records, papers, office property and official seal of the school district; keep correct accounts with each receiver of taxes, school treasurer or school tax collector, reporting a statement of the same, together with a statement of the finances, at each regular meeting of the board; furnish a bond for the faithful performance of these duties and such other duties pertaining to the business of the district as are required by the School Code or as the board of directors may direct, and for all of such services to be paid a compensation to be fixed by the board.

A consideration of these duties imposed upon a secretary of the school board places him above that of a mere "petty officer;" his is a position of such dignity and responsibility that he may well be considered a public officer, and as such subject to the operation of the Constitution.

In the following cases, the following officers were held subject to be removed at the pleasure of the appointing power:

In Seltzer v. Fertig, 237 Pa. 514, an assistant clerk of the Orphans' Court.

In Houseman v. Com., 100 Pa. 222, a collector of delinquent taxes of the City of Philadelphia, appointed under the Act of March 24, 1870, P. L. 544, for the term of three years.

In Lane v. Com., 103 Pa. 481, a recorder of a city of the first class, appointed under the Act of April 18, 1878, P. L. 26, for the term of ten years.

In Com. ex rel. v. Likeley, 267 Pa. 310, a city clerk whose term of office and compensation were fixed by ordinance. (A position similar to that of a secretary.)

In Ulrich v. Coaldale Borough, 53 Pa. Superior Ct. 246, a borough solicitor elected under the Act of April 25, 1907, P. L. 103, for a term of three years.

In Com. ex rel. Thomas v. Kelley, 2 D. & C. 797, a secretary of a school board was held to be a public officer, subject to be removed by the board of directors which appointed him without any cause whatever.

For the reasons herein stated, the demurrer is dismissed and a peremptory writ of mandamus is directed to issue, commanding and requiring the defendant to forthwith deliver to J. B. Schooley, the secretary, all books, papers, property and effects of the said district in his possession or control at the time of his removal as secretary of the board of directors of said school district.

From F. P. Slattery, Wilkes-Barre, Pa.