# Muir v. Madden, Appellant.

*Public officers—Treasurer of school board—Removal—Proceedings to compel payment to successor—Mandamus—Act of May 18, 1911, P. L. 309—Constitutional law.*

1. The office of treasurer of a school board is an appointed officer within the meaning of the Constitution, and the occupant is removable at the pleasure of the board.

2. School treasurers, long before the passage of the School Code of May-18, 1911, P. L. 309, were in the class of appointed officers recognized by the organic law of the state.

3. Article VI, section 4, of the Constitution applies to such officers, and makes them removable only at the pleasure of the appointing power. Com. v. Sulzner, 198 Pa. 502, followed. Com. ex rel. v. Benn, 284 Pa. 421, distinguished.

4. Where a school treasurer has been removed by the school board, mandamus is the proper remedy to compel him to pay funds in his hands to his successor.

*Appeals—Review—Mandamus—Jurisdiction not questioned below—Waiver.*

5. In mandamus proceedings, the question of the jurisdiction of the court to award relief must be deemed to have been waived when not raised in the court below.

Argued April 12, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 195, Jan. T., 1926, by defendant, from order of C. P. Luzerne Co., Jan. T., 1926, No. 592, awarding mandamus, in case of Edward Hinchcliffe, or as amended William H. Muir v. Thomas F. Madden. Affirmed.

Petition for mandamus. Before MCLEAN, J.

Mandamus awarded. Defendant appealed.

*Error assigned* was, inter alia, order, quoting it.

*W. L. Pace,* for appellant.

*Frank L. Pinola,* with him *J. Justin Blewitt,* for appellee.

PER CURIAM, April 21, 1926:

In July, 1925, Thomas F. Madden was named by the school board of a district of the third class as treasurer for one year, in accord with section 304 of the School Code (Act of May 18, 1911, P. L. 309, 324) ; he qualified and entered on the duties of his office. In December, 1925, the board passed a resolution declaring vacant the office occupied by Madden, and William H. Muir was named as treasurer. Madden refused to turn over the school funds to the newly named treasurer, and this mandamus proceeding was instituted to compel him to do so; the court below entered judgment against him, and he has appealed.

Section 406 of the School Code (p. 331) provides: "The board of school directors in any school district in this Commonwealth, except as herein otherwise provided, shall, after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employees, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct."

In this instance, the board, in removing Madden, did not follow the procedure prescribed by the above-quoted section; therefore appellant claims his removal was unlawful and that he was warranted in refusing to turn over the funds in his hands, notwithstanding section 407 of the code provides: "On the removal by the board of school directors of any officer, employee, or appointee, such officer, employee, or appointee shall surrender and deliver to the secretary, or other person designated by the board, any and all papers, property, and effects of the school district in his hands at the time of such removal." Appellant further claims that quo warranto, not mandamus, was the proper remedy in this case.

Appellee replies, first, that Com. v. Sulzner, 198 Pa. 502, holds, as stated in the syllabus of that case, that "the office of treasurer of a school board is an appointed office within the meaning of the Constitution, and the occupant is removable at the pleasure of the board," as provided for appointed officers generally by article VI, section 4, of the Constitution of 1874; hence, appellee contends, section 406 of the School Code cannot constitutionally apply to such an office to prevent an incumbent thereof from being removed at the unrestricted pleasure of the appointing power, the school board.

On the other hand, appellant contends that Commonwealth v. Sulzner does not rule this case, because it was decided under legislation which made no effort, such as that contained in section 406 of the code, to control the method of removal of school officers. Though section

406 is new legislation, in that no provision like it appears in prior statutes, yet, as shown by the decision under discussion, long before their mention in the Act of 1911, school treasurers were in the class of appointed officers recognized by the organic law of the State; so it cannot be doubted that article VI, section 4, of the Constitution, making such officers removable only at the pleasure of the appointing power, applies to them, and the law as ruled in the Sulzner Case controls: see also Com. v. Hoyt, 254 Pa. 45.

Finally, there is no proper relation between the situation presented in Com. ex rel. v. Benn, 284 Pa. 421, and that in the instant case. The official involved in the former case was one whose duties were predominantly legislative in character, as there elaborately explained; whereas here, no such claim can properly be sustained. True, the Constitution prescribes (article X, section 17) that the general assembly "shall provide for the maintenance and support of a thorough and efficient system of public schools," but this does not make school officers agents of the legislature any more than the very next article of the Constitution, which stipulates that "the general assembly shall provide for maintaining the militia," makes militia officers agents of the legislature.

Commonwealth v. Sulzner sustains not only appellee's first contention but also his second, which is that the judgment directing defendant to pay over the funds in his hands to plaintiff should be affirmed; for a judgment in mandamus was approved in that case despite the contention that "the court had no jurisdiction in this form of action": see page 503 of report in Com. v. Sulzner, supra; also Houseman v. Com., 100 Pa. 222, 228, 235.

In addition to Com. v. Sulzner, Houseman v. Com., supra, also is a mandamus case where, for purposes of adjudicating the particular point at issue, the court incidentally passed on plaintiff's right to exercise an office, as successor to defendant, when the latter continued

to claim title to the place in question; and Com. v. Camp, 258 Pa. 548, 557, is a case where, though the propriety of the remedy by mandamus was questioned before us, we nevertheless affirmed the judgment on the ground that no contention against the form of proceeding had been raised in the court below. In the case now before us, defendant did not protest in the court below against the remedy pursued, and he will not be heard to question it here.

The judgment is affirmed.