Buell, Appellant, *v.* Union Township School District.

Argued March 20, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

568

*Davis G. Yohe,* with him *Peacock, Keller & Yohe,* for appellants.

*Austin J. Murphy, Jr.,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, May 8, 1959:

Are the secretary and treasurer, or either, of a third class school district subject to removal from office at the pleasure and discretion of the board of school directors, the appointing power?

On May 7, 1957 Harold R. Philips was elected school district treasurer for a 1 year term; on June 4, 1957 William H. Buell was elected school district secretary for a 4 year term. Both individuals were elected by the Union Township board of school directors,[1] said Township being located in Washington County.

On December 2, 1957 Buell and Philips were dismissed by the board of school directors without any hearing or stated cause. Buell and Philips each sued the school district in assumpsit for an alleged wrongful discharge from employment and claimed their re-

---

[1] By virtue of the Act of March 10, 1949, P. L. 30, art. IV. §404, as amended by the Act of August 9, 1955, P. L. 320, §1, 24 PS §4-404.

spective salaries for the balance of the unexpired terms for which they had been elected. Preliminary objections in the nature of a demurrer filed by the school district were sustained by the Court of Common Pleas of Washington County and from its order these appeals were taken.

The respective contentions of the parties are clear. Appellants contend that the *exclusive* method for the removal of school district officers, such as a secretary and treasurer, is provided by art. V, §514 of the School Code of 1949,[2] which states "The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers . . . for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct." On the other hand, appellee justifies appellants' summary removal on the basis of art. VI, §4 of the Pennsylvania Constitution, which provides "Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed."

Neither Buell nor Philips were elected by popular vote; the source of their selection was the board of school directors and while the selection of appellants is termed an *election* under the statute, actually it was an *appointment*. Both appointees were selected at a fixed salary for a fixed term.

The present problem lacks novelty. That a treasurer or collector of public monies, including a treasurer of a school district, is a "public officer" as distinguished from an "employee" is clear: *Commonwealth*

---

[2] Act of March 10, 1949, P. L. 30, art. V, §514, 24 PS §5-514.

*v. Evans,* 74 Pa. 124, 139; *Commonwealth v. Morrisey,* 86 Pa. 416; *Houseman et al. v. Commonwealth ex rel. Tener,* 100 Pa. 222; *Commonwealth v. Sulzner,* 198 Pa. 502, 48 A. 476; *Muir v. Madden,* 286 Pa. 233, 133 A. 226; *Commonwealth ex rel. v. Hiltner,* 307 Pa. 343, 161 A. 323. If not expressly, at least impliedly, the status of a secretary of a municipality and a school board as a "public officer" has been recognized: *Commonwealth ex rel. v. Likeley,* 267 Pa. 310, 110 A. 167; *Teachers' Tenure Act Cases,* 329 Pa. 213, 230, 197 A. 344; *Howell v. Keeler,* 5 Pa. D. & C. 90. Both a school district treasurer and secretary being "public officers", are such officers "appointed officers" under art. VI, §4 of the Constitution?

As to the status of a school district treasurer we have expressly held that a school district treasurer is removable at the pleasure of the appointive power under art. VI, §4 of the Constitution. In *Commonwealth v. Sulzner,* 198 Pa. 502, supra,[3] we affirmed *per curiam* a ruling that the treasurer of a school district was removable at the pleasure of the board of school directors under the Constitutional provision. Subsequent thereto, the legislature on May 18, 1911[4] provided a method for the removal of school district officers identical in its language with Section 514 of the present School Code of 1949. *Subsequent thereto,* this Court was again presented with the problem of the removability of a school board treasurer and in *Muir v. Madden,* 286 Pa. 233, supra, we affirmed *per curiam* a ruling of a lower court that a school district treasurer was removable at the pleasure of the board of school

---

[3] Decided prior to the Act of May 18, 1911, P. L. 309. §§406, 407, the first legislative provision providing a method of removal of school district officers.

[4] See note 3, supra.

directors. In the *Muir* case it was stated (pp. 235, 236) : "Though section 406 is new legislation, in that no provision like it appears in prior statutes, yet, . . . long before their mention in the Act of 1911, school treasurers were in the class of appointed officers recognized by the organic law of the State; so it cannot be doubted that article VI, section 4, of the Constitution, making such officers removable only at the pleasure of the appointing power, applies to them, and the law as ruled in the Sulzner Case controls: . . ." In *Commonwealth ex rel. v. Hiltner*, 307 Pa. 343, supra, we held that a borough treasurer could be removed at the pleasure of the body which appointed him, recognizing that the language of art. VI, §4, was so clear and unequivocal as to render inconsistent any claim that such an officer could be removed only for cause.

As to the status of a school district secretary, while we have not passed directly on such status it is equally clear that a school district secretary is removable at the pleasure of the body which appointed him. In *Commonwealth ex rel. v. Likeley*, 267 Pa. 310, supra, we held that a borough clerk—possessing municipal duties almost identical with those of a school board secretary— was an appointed officer removable at the pleasure of the power which appointed him. Dictum in *Teachers' Tenure Act Cases*, 329 Pa. 213, 230, supra, affords the same status to a school board secretary. See also: *Howell v. Keeler*, 5 Pa. D. & C. 90.

To the extent that Art. V, §514 of the School Code of 1949 is in conflict with Art. VI, §4 of the Constitution, the former is invalid.

No compelling reason has been advanced to justify a change of position by this Court or to predicate our adoption of a new policy which would require that we overrule these several decisions of this Court. Moreover, as a practical matter, it seems better to allow the

discretion of removability at pleasure of these appointed school officials to rest upon the board of school directors. The secretary and treasurer of a school board must not only work *for* the board of school directors, but *with* it.

Order affirmed. Costs on appellants.

Mr. Chief Justice JONES concurs in the result.