**Carl F. MESING, Plaintiff,**

**v.**

**SECRETARY OF HEALTH, EDUCATION AND WELFARE OF the UNITED STATES OF AMERICA, Defendant.**

**Civ. A. No. 69-828.**

United States District Court,
W. D. Pennsylvania.

Oct. 8, 1970.

Henry E. Rea, Jr., of Brandt, McManus, Brandt & Malone, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., by Douglas D. McBroom, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

On November 22, 1965, plaintiff and his wife filed an application for retirement insurance benefits under § 202 of the Social Security Act, 42 U.S.C. § 402. On December 23, 1965, an award of retirement insurance benefits was authorized in the amount of $132.70 for plaintiff and $62.40 for his wife. This award was to be effective in August, 1965, but deductions were imposed upon plaintiff's award from that date and continue to the present. For the period August, 1965 to December, 1965, inclusive, plaintiff admitted that the deductions were proper, but for the period January, 1966 and thereafter plaintiff claimed that many of the deductions were improper and benefits should have been paid. A Request for Reconsideration was filed and his claims were again denied. A hearing was held, at plaintiff's request, before a hearing examiner of the Social Security Administration, Bureau of Hearings and Appeals, who also denied plaintiff's claims. On June 27, 1969, the Appeals Council of the Social Security Administration advised plaintiff that his request for a review of the hearing examiner's decision was denied; whereupon, pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g), plaintiff commenced this action to obtain a judicial review of the decision of the Secretary denying plaintiff's claim. With his answer to plaintiff's complaint, defendant filed a certified copy of the transcript of the record of proceedings before the Social Security Administration in compliance with § 205(g) of the Act, *supra,* and subsequently moved for summary judgment.

Section 205(g), *supra,* provides in its pertinent part as follows:

"As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive  *  *  *."

In November of 1965, the plaintiff was elected Tax Collector for the Borough of Baldwin and School District of Baldwin Township, now Baldwin-Whitehall School District. He was sworn into office on January 5, 1966, but did not perform any physical or advisory services in dis-

charge of his duties until July 1, 1966 (Tr., p. 48). During the last week in June, each year, the plaintiff receives prepared tax statements for the taxpayers in Baldwin Borough (Tr., p. 55). He puts these statements into envelopes and mails them to the taxpayers. In July and August, 98% of the taxes collected by plaintiff are paid, and his office is open six days a week. During the remaining ten months of the year his office is only open one day a week (Tr., p. 67), and he only works sixteen to eighteen hours per month. For his services as tax collector plaintiff receives $5,000 from the Borough and $6,000 from the School District. The total amount of $11,000 is paid to him in the month of August. The Borough and School District pay his office expenses.

Based on these facts, plaintiff's position at the Social Security Administration hearing was that the compensation he receives as a tax collector is self-employment income. This point seems to be abandoned.[1] He argues in his brief in this court that the Secretary erred as a matter of law in finding that plaintiff rendered "services for wages" over $125 [2] in all months since January, 1966.[3]

Section 211(c) of the Act, 42 U.S.C. § 411(c), provides that "the term 'trade or business', when used with reference to self-employment income or net earnings from self-employment * * * *shall not include*—(1) The performance of the functions of a *public office* * *."* (Emphasis supplied.) The term "public office" is explained in the regulations promulgated under authority of the Act, 20 C.F.R. § 404.1070(g), as " * * * any elective * * * *office* * * * of a state or its *political subdivision* * *."* (Emphasis supplied.) The term "office" is not defined by the Act.

Plaintiff testified that he is the elected tax collector for the Borough of Baldwin and School District of Baldwin-Whitehall. If the position of tax collector is a "public office", his compensation cannot be considered "income from self-employment" because of the express exclusion of § 211 of the Act, *supra.*

Since the determination of plaintiff's status depends on the definition of "public office", and the Act and regulations do not completely define the term, it is appropriate to turn to the state law to find if a tax collector is the holder of a "public office". Folsom v. Pearsall, 245 F.2d 562 (9th Cir. 1957); Holland v. Ribicoff, 219 F.Supp. 274 (D.Or.1962).

The Supreme Court of Pennsylvania has held on numerous occasions that a collector of public monies holds a "public office". Commonwealth v. Evans, 74 Pa. 124, 139 (1873); Muir v. Madden, 286 Pa. 233, 133 A. 226 (1926); Buell v. Union Twp. School District, 395 Pa. 567, 150 A.2d 852 (1959). Therefore, the Secretary was correct in his finding that § 211(c) of the Act, *supra*, excludes plaintiff's income from being considered as "income from self-employment".

Plaintiff contends in his brief that the Secretary did not apply the proper legal standard in finding that plaintiff's benefits were subject to deductions for all months after January, 1966.

Sections 203(b) and 203(f)(1)(E) of the Act, 42 U.S.C. § 403(b) and § 403(f)(1)(E), dictate benefit deductions for any month in which an individual's earnings from wages exceed $140, unless the individual did not in such month "render services for wages * * * of more than $140." [4] The Secretary found that plaintiff had performed no physical or advisory services as a tax collector from January, 1966 to May, 1966, but that his employer-employee relationship commenced in January, 1966, and, there-

---

1. See plaintiff's brief, p. 4.

2. The statutory amount was raised to $140 in January, 1968.

3. See explanation of § 203(f)(1)(E), infra.

4. The statutory amount was $125 during the periods prior to January, 1968.

fore, plaintiff has been "render[ing] services for wages" in all months since January, 1966. Plaintiff contends he has only "render[ed] services for wages" in July and August of the years in question.

The term "services" is not defined by the Act, but its meaning was defined by the Supreme Court in Social Security Board v. Nierotko, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718 (1945). In ruling that a back pay award for which no physical labor had been performed constituted wages, the Court said at pp. 365–366, 66 S.Ct. at p. 641:

"* * * '[S]ervice' * * * means not only work actually done but the entire employer-employee relationship for which compensation is paid to the employee by the employer."

The definition of "service" announced by the Supreme Court in Social Security Board v. Nierotko, *supra*, has been applied to § 203(f) (1) (E) of the Act, *supra*, in situations very similar to the present one. In Gardner v. Travis, 387 F.2d 508 (10th Cir. 1967) and Kore v. Celebrezze, 342 F.2d 638 (7th Cir. 1965), the Courts were faced with the contentions of claimants that their retirement benefits were not subject to deductions because they had not performed "services" in months in which they had received pay over the statutory limit. In both cases the courts looked upon the *Nierotko* definition of services as controlling and concluded that an employee who continues in an unbroken tenure of employment is "render[ing] services for wages" although performing no work.[5] See: Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118 (1944); MacPherson v. Ewing, 107 F.Supp. 666 (N.D.Calif.1952).

In our present case, as in the *Gardner* and *Kore* decisions, the entire employer-employee relationship must be considered. From the time Mr. Mesing was sworn in as tax collector, January 5, 1966, he was subject to numerous statutory duties.[6] The plaintiff's testimony that during ten months of the year his duties were light,[7] and in some months he performed no physical work,[8] does not offset the finding of the Secretary that plaintiff was continuing in an unbroken tenure of employment, and thus, "render[ing] services". It is evident the Secretary applied the proper legal standard in looking to plaintiff's employer-employee relationship.

Viewing the record as a whole, the Secretary's findings, that Mr. Mesing is not self-employed and his benefits are subject to deductions, are supported by substantial evidence and have a reasonable basis in law.

An appropriate order will be entered.

5. In Gardner v. Travis, 387 F.2d 508 (10th Cir. 1967) (not cited by plaintiff), the Court found that § 209(i) of the Act, 42 U.S.C. § 409(i) made benefit deductions unwarranted if a claimant was over 56 and did no work for an employer *in the period for which payment was made*, i. e., a month. In our present case, Mr. Mesing was paid once a year and admitted he performed work during the year; i. e., *the period for which payment was made was one year*. Therefore, § 209(i) of the Act, supra, has no application to this case.

6. See 53 P.S. § 46086.

7. Plaintiff testified that when his duties are light he works 16 to 18 hours a month. This is sufficient to warrant deductions. See Gardner v. Travis, supra.

8. January, 1966 to July, 1966.