## Narducci v. School District of the City of Erie.

Argued October 22, 1971, before Judges KRAMER, MANDERINO and MENCER, sitting as a panel of three.

*George Levin,* with him *Robert M. McCullough* and *Evans, Johnson, Scarpetti, Bernard & McCullough,* for appellant.

*Dana Sherwood Jones,* for appellee.

OPINION BY JUDGE KRAMER, December 28, 1971:

This appeal arises from an opinion and order of the Court of Common Pleas of Erie County on February 17, 1971, dismissing a complaint in mandamus by Henry M. Narducci (appellant).

The appellant entered into an employment contract with the School District of the City of Erie (appellee) on August 2, 1948, to serve in the capacity of a teacher (professional employee). Appellant so served until August 19, 1965, at which time he was appointed to the position of principal at one of appellee's schools. Appellant remained at this post until February 8, 1967, when he was appointed (effective March 1, 1967) to the position of acting secretary and business manager of the appellee school district. On November 21, 1967, the appellee voted to elect, and thereby retain, appellant in this position with regular status, with said term to expire in July of 1969.

On June 2, 1969, the Board of Directors of the appellee met to clarify appellant's position. The Board elected appellant secretary to the School Board and

appointed him assistant to the superintendent in charge of business affairs.

On January 14, 1970, the appellant was relieved of his dual duties with the appellee, by notice and without hearing.

On July 8, 1970, appellant filed a complaint in mandamus praying for reinstatement as an employee of the appellee as of the date of his dismissal and for back salary and any increments and other credits to which he would have been entitled to as a professional employee, but for this dismissal. It is to be noted that appellant obtained other out-of-state employment at a higher salary as of June 1, 1970.

Arguments on this matter were entertained on December 14, 1970, by the Honorable LINDLEY R. McCLELLAND, at which time the parties entered into a set of stipulations numbering some twenty-two paragraphs. Counsel for both parties went on to the record for several brief statements during which an attempt was made to narrow the issues under contention. This was done, and it was then agreed to close the record and to allow the court to arrive at its determination upon the basis of the pleadings, the stipulations, briefs and the record made.

On February 17, 1971, the lower court issued an opinion and order dismissing appellant's complaint in mandamus. Appeal was taken to this court on March 11, 1971. Jurisdiction is vested in this Court under the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, No. 223, Article IV, Section 402(4), 17 P.S. 211.402(4).

The crucial date in the aforementioned chronology is *February 8, 1967*, the date on which appellant became a (acting) member of the permanent organization of the school board. This category includes the president and vice president of the school board, treasurer and *secretary* as provided for in the Public School Code of 1949,

Act of March 10, 1949, P. L. 30, Art. IV, §404, as amended, 24 P.S. 4-404.[1]

There is no question that the appellant did in fact serve for some time as a "professional employee"[2] of the appellee board. The question, however, is whether or not the appointment of the appellant on February 8, 1967, and later election to serve as a member of the "permanent organization" acted to sever appellant's membership and participation in the category of "professional employee." This is indeed a distinction with a difference, for each of the two aforementioned categories is affected by a different dismissal procedure. In the case of a "professional employee", the Public School Code of 1949, *supra,* at 24 P.S. 11-1121-1127, procedures for dismissal are provided, which include the right to a hearing before the board and the existence of just cause for said dismissal. In the case of the dismissal of a member of the "permanent organization," the Public School Code of 1949, *supra,* at 24 P.S. 514,[3] is to be read in the light of *Buell v. Union Township School District,* 395 Pa. 567, 571, 572, 150 A. 2d 852 (1959), which held:

"As to the status of a school district secretary, while we have not passed directly on such status it is

[1] The Public School Code, *supra,* at 24 P.S. 4-406 includes others as members of the "permanent organization" none of which is relevant to the instant appeal.

[2] Public School Code of 1949, *supra,* 24 P.S. 11-1101(1): "The term 'professional employee' shall include those who are certified as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals. . . ."

[3] This section reads:

"§5-514 Removal of officers, employes, etc.

"The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing, if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, interference, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct."

equally clear that *a school district secretary is removable, at the pleasure of the body which appointed him.* In Commonwealth ex rel. v. Likely, 267 Pa. 310, supra, we held that a borough clerk—possessing municipal duties almost identical with those of a school board secretary—was an appointed officer removable at the pleasure of the power which appointed him. Dictum in Teachers Tenure Act Cases, 329 Pa. 213, 230, affords the same status to a school board secretary. See also: Howell v. Keeler, 5 Pa. D. & C. 90.

"To the extent that Art. V, §514 of the School Code of 1949 is in conflict with Art. VI, §4 of the Constitution[4] the former is invalid." (Emphasis added.)

"No compelling reason has been advanced to justify a change of position of this court or to predicate our adoption of a new policy which would require that we overrule these several decisions of this court. Moreover, as a practical matter, it seems better to allow the discretion of removability at pleasure of these appointed school officials to rest upon the board of school directors. The secretary and treasurer of a school board must not only work *for* the board of school directors, but *with it.*" (Emphasis added.)

Our research indicates that the above statement represents the present status of the law in this Commonwealth.

It is appellant's contention that, once he became a member of the "professional employees" category, the statutory rights under the Public School Code of 1949,

---

[4] This constitutional citation is to be found in the Pennsylvania Constitution of 1968, at Article VI, Section 7: "All civil officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed civil officers, other than judges of the courts of record may be removed at the pleasure of the power by which they shall have been appointed. . . ."

*supra,* 24 P.S. 11-1121-1127 attached; and although he was promoted on February 8, 1967, to serve with the "permanent organization" nevertheless his contractual and statutory rights were not altered. Following appellant's argument, this promotion provided to him higher status, increased salary and responsibilities, yet he remained, contractually speaking, with the benefits of those "professional employees." Consequently, appellant argues his dismissal was unlawful in that he was open to dismissal only for just cause with a right to a hearing before the appellee board.

Our reading of the Code, *supra,* at 24 P.S. 4-404 leads us to believe that appellant maintains an untenable position. That section of the statute in pertinent part provides: "No superintendent, assistant superintendent, supervising principal, or teacher shall serve, either *temporarily*[5] or permanently, as an *officer*[6] of the school board of which he is employed." (Emphasis added.) It therefore was legally impossible for appellant to remain a "professional employee" claiming continued contractual guarantees and also advance to a position as a member of the "permanent organization."

Even as a matter of fairness, if somehow one could find that this appellant was misled (which the record does not support) when he accepted the advancement, in view of the fact that prior to the June 2, 1969 election the minutes of the board of appellee shows that in appellant's presence, Section 404, 24 P.S. 4-404, was read publicly by the solicitor to the board, the appellant

---

[5] Based upon the inclusion of the word "temporarily" in the statute, we earlier found February 8, 1967, to be the crucial date, for it was on that day that appellant first became attached to the "permanent organization," i.e., the school board, in a temporary capacity. He thereafter was duly elected and became a permanent member.

[6] *Buell v. Union Township School District, supra,* recognizes a school board secretary to be an officer.

was apprised of the status in which he placed himself. We conclude that appellant must have known that if he desired to accept the appointment and election to the "permanent organization," such could be accomplished only by abandoning his previous status and the rights and guarantees attached thereto. Appellant made that choice; and, as the lower court stated, he will not be permitted to claim "the best of both worlds."

In argument, appellant maintained the position that the foregoing conclusion would constitute "defeating the purpose of the Act," i.e., the stripping away of the very protections granted by the statute. We do not so believe, for appellant had the opportunity to retain those rights by refusing the promotion and continuing on in his role as school principal. The choice to accept a promotion offer must be weighed in the light of benefit and detriment. The record indicates that appellant eagerly claimed the benefits of advancement until a detriment appeared on January 14, 1970, the time of his dismissal. He was then attempting to close the proverbial "barn door" too late.

In the light of the above we cite with approval the well reasoned opinion of Judge MCCLELLAND, and do hereby affirm the order of the lower court.