Anthony E. Fiorenza *v.* Board of School Directors of the Chichester School District, Commonwealth of Pennsylvania, Department of Education. Anthony E. Fiorenza, Appellant.

Argued September 14, 1976, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Alexander A. DiSanti*, with him *Richard, Brian, DiSanti & Hamilton, P.A.*, for appellant.

*Arthur Levy*, with him *Gregory J. Polischuk*, and, of counsel, *Levy and Levy*, for appellee.

OPINION BY JUDGE MENCER, January 10, 1977:

This appeal is from an order of the Secretary of Education (Secretary) dismissing the appeal of Anthony E. Fiorenza (Fiorenza) for lack of jurisdiction. Fiorenza had appealed to the Secretary the termination of his employment as Administrative Assistant for Personnel and Special Services for the Chichester School District.

Section 1131 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1131, empowers the Secretary to entertain and rule upon appeals by professional employes aggrieved by the action of a board of school directors. There is no similar grant of authority to the Secretary relative to appeals by any other class of employes.[1]

---

[1] Nonprofessional school employes' right to appeal is under the provisions of the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq., rather than the provisions of the Public School Code of 1949. *Springfield School District v. Shellem*, 16 Pa. Commonwealth Ct. 306, 328 A.2d 535 (1974).

The Secretary in the instant case determined that Fiorenza was not a professional employe at the time his employment was terminated by the Chichester Board of Education (Board) and therefore he lacked jurisdiction to accept Fiorenza's appeal. We conclude that the Secretary was correct and affirm his order.

The narrow question before the Secretary was Fiorenza's professional-employe status on June 30, 1975 when his employment was terminated. Section 1101 of the Public School Code, 24 P.S. §11-1101, defines "professional employe" as follows:

> The term 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

Section 1141 of the Public School Code, 24 P.S. §11-1141, defines "teacher" in the following manner:

> 'Teacher' shall include all professional employes and temporary professional employes, who devote fifty per centum (50%) of their time, or more, *to teaching or other direct educational activities,* such as classroom teachers, demonstration teachers, museum teachers, counsellors, librarians, school nurses, dental hygienists, home and school visitors, and other similar professional employes and temporary professional employes, certificated in accordance with the qualifications established by the State Board of Education. (Emphasis added.)

The Supreme Court in *Brentwood Borough School District Appeal,* 439 Pa. 256, 260, 267 A.2d 848, 850 (1970), stated:

> Construing sections 1101 and 1141 together an individual is a teacher for purposes of §1141 if he holds the necessary certificate *and devotes at least half his time to teaching or direct educational activities,* and he is a professional employee under §1101 if he is a teacher under §1141. (Emphasis added.)

It is clear from the above that the holding of a teacher's certificate does not make one a teacher under Section 1141. One attempting to qualify as a teacher, and hence a professional employe, must also show that he devotes at least half his time to teaching or other direct educational activities.

It is with this comprehension of the necessary conditions for the existence of a professional-employe relationship that we examine the factual background of this appeal. On August 22, 1966, Fiorenza was appointed Principal of the Linwood and Trainer Elementary Schools in the Chichester school system. On November 15, 1970, he was assigned to serve as Principal of Hilltop Elementary School. Then on September 19, 1972, he was appointed as acting Administrative Assistant for Special Services and, in addition, continued to serve as Principal of Hilltop until a replacement for him in that position was found by the Board.

On June 28, 1973, he was appointed Administrative Assistant for Personnel and Special Services and thereafter was apparently relieved of his duties and responsibilities as Principal of the Hilltop Elementary School. Fiorenza requested and was granted a sabbatical leave for the 1974-75 school year. On June 2, 1975, while he was on sabbatical leave, the Board eliminated the position of Administrative Assistant for Personnel and Special Services, and Fiorenza was notified that his employment with the Chichester School District would terminate on June 30, 1975.

Although Fiorenza is certified as an elementary teacher, teacher for mentally retarded, elementary principal, secondary principal, and supervisor of special education, his duties since June 28, 1973 were limited to responsibility for the school's transportation program and his involvement with collective bargaining negotiations, personnel selection, health services, budgeting, employe grievances, and public relations for the school district. Fiorenza's responsibilities and duties subsequent to June 28, 1973 were not those of a teacher because he admittedly did not devote fifty per centum of his time, or more, to teaching or other direct educational activities. *Rhee v. Allegheny Intermediate Unit Number 3,* 11 Pa. Commonwealth Ct. 394, 315 A.2d 644 (1974).

Fiorenza's main contention is that, once having obtained a professional-employe status as a teacher and principal prior to June 28, 1973, he remained a professional employe thereafter, even though he was serving as an administrative assistant and engaged in activities subsequent to June 28, 1973 that did not fulfill the conditions for classification as a professional employe. However, we held in *Narducci v. School District of the City of Erie,* 4 Pa. Commonwealth Ct. 202, 285 A.2d 888 (1971), that a professional employe does not carry his professional-employe status into a nonprofessional position. We must conclude that the instant case is ruled by *Narducci* and that the appointment of Fiorenza as an administrative assistant on June 28, 1973 and his performance solely of the duties of that position severed his membership and participation in the category of "professional employe." It is not for us in this appeal to decide whether or not Fiorenza, in the status of an administrative assistant, was removable at the pleasure of the board which appointed him. *See Buell v. Union Township School District,* 395 Pa. 567, 150 A.2d 852 (1959).

Since we conclude that Fiorenza was not a professional employe at the time his employment was terminated by the Board, we must agree that the Secretary lacks jurisdiction to consider his appeal. Accordingly, we make the following

ORDER

AND Now, this 10th day of January, 1977, the order of the Secretary of Education dismissing the appeal of Anthony E. Fiorenza is hereby affirmed.