## Smith v. Shaffer

*John R. Bonner,* for plaintiffs.
*Carl Barlett,* for defendants.

RAUP, *P.J.,* August 22, 1984—Before the court is defendant's motion to quash rule to show cause why Robert C. Wise should not be removed as solicitor of the South Williamsport Area School District. This matter arises out of a complaint filed in equity on May 2, 1984, wherein plaintiffs sought the removal of six South Williamsport Area School District Directors, the removal of Robert C. Wise, the school district solicitor, and to enjoin the six directors from excluding plaintiffs from any private or public sessions wherein school district matters are to be discussed or actions determined.

Preliminary objections to the complaint, together with a motion to quash the rule to show cause were filed by defendant on May 11, 1984. In an order dated May 14, 1984, this court vacated the rule to show cause with respect to the school board directors. In the same order a rule was issued upon defendants to show cause why Robert Wise should not be removed as solicitor for the South Williamsport Area School Board.

In light of our May 14, 1984 order the only issue to be resolved is whether a school district solicitor can be removed upon the complaint of a minority of the school directors.

Section 406 of the Public School Code of 1949, as amended (24 P.S. §4-406) provides that:

"Each board of school directors may appoint a solicitor and such other appointees, clerk, or employ-

ees as it may deem proper, none of whom, except as provided in Section 324 of this Act, shall be members of the Board, and shall define their duties and fix their salaries."

The provisions for removal of officers and other non-professional school employees can be found in section 514 of the Public School Code of 1949, as amended (24 P.S. §5-514) which states in pertinent part:

"The board of school directors in any school district, except as herein otherwise provided, shall, after due notice, giving reasons therefore, and after hearing if demanded, have the right at any time to remove any of its officers, employees, or appointees for incompetency, intemperance, negligence of duty, violation of any of the school laws of this Commonwealth, or other improper conduct."

This section has been held not to apply to appointed officials such as municipal solicitors, secretaries and treasurers who come under the classification of "appointed officers" within the meaning of the constitutional provision for the removal of officers. See e.g. Buell v. Union Township School District, 395 Pa. 567, 150 A.2d 852 (1959); Naef v. City of Allentown, 424 Pa. 597, 227 A.2d 888 (1967).

Article 6, Section 7 of the Pennsylvania Constitution (P.S. Const. Art. 6, §7) provides in pertinent part that:

". . . Appointed civil officers, other than judges of the courts of record may be removed at the pleasure of the power by which they shall have been appointed . . ."

In this case a minority of the appointing body (three school board members) are seeking to remove an appointed officer. In order for the solicitor's removal to be in accordance with the relevant constitutional provisions, the removal must be by a vote

of the majority of the South Williamsport Area School Board and not on the complaint of three of its members.

## ORDER

And now, this August 22, 1984, for the reasons set forth in the foregoing, defendant's motion to quash is granted. Those counts of plaintiff's complaint dealing with defendant Robert C. Wise are dismissed.