646 A.2d 69

**CUMBERLAND PUBLISHERS, INC., t/d/b/a The Sentinel and Pennsylvania Newspaper Publishers' Association, Appellants,**

**v.**

**CARLISLE AREA BOARD OF SCHOOL DIRECTORS, Schwartz Intermediate School and Douglas R. Heineman and Earl M. Barnhart, D.D.S. and Richard W. Beckner and William G. Davidson and Gerald E. Eby.**

Commonwealth Court of Pennsylvania.

Argued April 14, 1994.

Decided July 21, 1994.

Allen C. Warshaw, for appellants.

James D. Flower, Jr., for appellees.

Before COLINS and NEWMAN, JJ., and KELTON, Senior Judge.

COLINS, Judge.

Cumberland Publishers, Inc., t/d/b/a The Sentinel and the Pennsylvania Newspaper Publishers' Association (the Sentinel) appeal the July 27, 1993 order of the Court of Common Pleas of Cumberland County (Common Pleas) sustaining the demurrer of the Carlisle Area Board of School Directors, the Schwartz Intermediate School, and individual school directors (collectively, the Board).

This matter commenced on May 25, 1993, when the Sentinel filed a complaint seeking a declaration that the Board had violated the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286, when it filled a vacancy on the Board pursuant to Section 315 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 3–315. The complaint alleges that although the Board announced the vacancy at a public meeting on April 13, 1993, and although it voted to name Arland Wagonhurst (Wagonhurst) to fill the vacancy at a public meeting on May 13, 1993, all of the other deliberations pertaining to the process by which the vacancy was filled and to the qualifications of the applicants for the vacancy were improperly conducted in executive session.[1]

The Board filed a preliminary objection in the nature of a demurrer on May 27, 1993, alleging that "the Sunshine Act clearly does not prohibit, and expressly permits, the conduct alleged in the Complaint." Common Pleas agreed, issuing its

---

**1.** Pursuant to Section 315 of the Code, 24 P.S. § 3–315, Wagonhurst was appointed to fill the vacancy from May 13, 1993 until the first Monday of December 1993, after the November 1993 municipal election. Although we recognize that this matter is moot, we will decide it, because the question is one that is capable of being repeated and of continuing to escape review. *Strax v. Commonwealth*, 138 Pa.Commonwealth Ct. 368, 588 A.2d 87 (1991), *affirmed per curiam*, 530 Pa. 203, 607 A.2d 1075 (1992).

decision and order on July 27, 1993. Relying on *Westlund School Directorship Case*, 427 Pa. 358, 236 A.2d 120 (1967), Common Pleas determined that the filling of a vacancy on a school board is an appointment. Common Pleas further determined that Section 8 of the Sunshine Act, 65 P.S. § 278, permits a school board to discuss any matter regarding the appointment of one of its members in executive session. Concluding that the Board's actions were a specific exception to the open meeting requirement of the Sunshine Act, Common Pleas sustained the demurrer.

In this appeal, the Sentinel raises one issue, which is whether the Board's actions violated the Sunshine Act.

> When reviewing a trial court order sustaining preliminary objections in the nature of a demurrer, this Court's scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. In determining whether to sustain preliminary objections in the nature of a demurrer, all well-pleaded facts and inferences which may be reasonably deduced therefrom must be accepted as true. Since the sustaining of a demurrer results in the denial of a claim or dismissal of a suit, it should be sustained only in cases that are clear and free from doubt.

*Factor v. Goode*, 149 Pa.Commonwealth Ct. 81, 85, 612 A.2d 591, 592–93 (1992), *petition for allowance of appeal denied*, 533 Pa. 654, 624 A.2d 112 (1993) (citations omitted).

The question at the heart of this matter is whether the filling of a vacancy on a school board by a majority vote of that school board, as provided by Section 315 of the Code, is an appointment. If it is, then the appointment can be discussed in an executive session of the school board pursuant to Section 8(a)(1) of the Sunshine Act, 65 P.S. § 278(a)(1).[2] An appointment is defined as

---

**2.** Section 8(a)(1) of the Sunshine Act provides, in pertinent part, that an executive session may be held

> [t]o discuss any matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of performance, promotion or disciplining of any specific

[t]he selection or designation of a person, by the person or persons having authority therefor, to fill an office or public function and discharge the duties of the same. The term 'appointment' is to be distinguished from 'election.' 'Election' to office usually refers to vote of people, whereas 'appointment' relates to designation by some individual or group.

*Black's Law Dictionary* 91 (5th ed. 1979). While there is no case law on point, we believe that there are examples sufficient to indicate, by inference and analogy, that the filling of a vacancy on a school board, by that school board's majority vote, is an appointment. In *Sewickley Township School District's Appeal*, 327 Pa. 396, 194 A. 488 (1937), the Supreme Court of Pennsylvania referred to the filling of a vacancy as an appointment. In that case, taxpayers petitioned a court of common pleas to appoint three persons to fill three vacancies on a school board and the issue was whether three other persons whom the school board had appointed to fill those vacancies were properly holding office.

In *Buell v. Union Township School District*, 395 Pa. 567, 150 A.2d 852 (1959), the dispute concerned the proper means by which the secretary and treasurer of a school district could be terminated from their positions. The Supreme Court of Pennsylvania stated that "[n]either Buell or Philips were elected by popular vote; the source of their selection was the board of school directors and while the selection of appellants is termed an *election* under the statute, actually it was an *appointment.*" *Id.* at 569, 150 A.2d at 854.

As noted by Common Pleas in its opinion in this matter, the Supreme Court of Pennsylvania, in *Westlund,* characterized the filling of a vacancy as an appointment. The issue in that case was whether, after the expiration of the 30–day period during which a school board is entitled to fill a vacancy, a

prospective public officer or employee or current public officer or employee employed or appointed by the agency, or former public officer or employee, provided, however, that the individual employees or appointees whose rights could be adversely affected may request, in writing, that the matter or matters be discussed at an open meeting.

common pleas court has exclusive authority to fill the vacancy. In describing the facts of that case, the Supreme Court repeatedly characterized the school board's filling of the vacancy as an appointment.

In *Press–Enterprise, Inc. v. Benton Area School District,* 146 Pa.Commonwealth Court 203, 604 A.2d 1221 (1992), this Court characterized the filling of a vacancy as an appointment. In that case, a newspaper publisher appealed a determination by a common pleas court that it lacked standing to bring an action against a school board for violation of the Sunshine Act.

Recently, in *The Morning Call, Inc. v. Board of School Directors of the Southern Lehigh School District,* 164 Pa.Commonwealth Ct. 263, 642 A.2d 619 (1994), this Court held that the Sunshine Act was not violated, when the Board of School Directors of the Southern Lehigh School District (school board) voted, in an executive session, to narrow the field of candidates for the position of superintendent of the school district from five to three. Neither, we ruled, was the Sunshine Act violated when the school board interviewed the three finalists and narrowed that field to one. At a public meeting, the school board voted to hire that one candidate. The Morning Call argued that the school board not only discussed the candidates for the superintendent position but also voted on those candidates, thereby violating the Sunshine Act. We opined that not all votes taken in executive session are official actions.

To be a vote constituting official action as defined in Section 3 of the Sunshine Act, it must be on a matter that commits the agency to a course of conduct. When an agency eliminates candidates in an executive session ... that vote is not official action contemplated by the Sunshine Act that must take place in public, but is part of that discussion and deliberation authorized to be conducted at a private executive session, or, as the trial court found, 'really nothing more than a further rating and ranking of these non-finalists.' Here, the vote required to be taken publicly as envisioned

by Section 4 of the Sunshine Act is the one that commits the Board to hire a specific person as superintendent.

*Id.* at 267. 642 A.2d at 623.

While we understand the importance of open government and the desire of the press to ensure its ability to inform the public, the Sunshine Act does not require all agency meetings to be open, and we are convinced that the meetings at issue in this matter, regarding deliberations pertaining to the process by which the vacancy was filled and the qualifications of the applicants for the vacancy were properly conducted in executive session. We note that pursuant to Section 8(c), 65 P.S. § 278(c), the vote on Wagonhurst's appointment was conducted at an open meeting.

Accordingly, the July 27, 1993 order of the Court of Common Pleas of Cumberland County is affirmed.

## ORDER

**AND NOW,** this 21st day of July, 1994, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is affirmed.