Opinion by
Judge Wilkinson,
This case involves the dismissal of appellant from the position of an elementary principal of appellee school district. If appellant was entitled to tenure in this position, it is admitted that the procedure for dismissing a tenured professional employee was not followed. The issue is, therefore, was the appellant a tenured employee? The lower court found he was not, and found that he was not entitled to demand reinstatement. We find that he was and must reverse the lower court.
Appellant had acquired tenure status in the McKees Rocks School District. When that District merged with the Stowe Township School District, appellant became Superintendent, an untenured position. He served in that capacity until 1970, at which time he was not reelected Superintendent, but was elected to the position from which he was dismissed two years later. The determination of the status of this position which he occupied for two years controls this case.[1]
The resolution which the Board passed electing appellant to this position stated:
“Motion by Mr. Dzadony second by Mr. Halupa to elect Harry Sakai as an assistant elementary principal for a period of one year effective July 1, 1970 at a salary of $14,000.”
*643 However, the contract that was presented to appellant for signature and which was appropriately executed by both appellant and appellee, was the standard form of contract provided by the School Code for a professional employee designated as elementary principal. Section 1121 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §11-1121.
It is quite clear from the record that the duties appellant performed were those of an elementary principal. Without any further Board action, other than the action raising his salary, appellant stayed on in the same position at an increased salary after the one year expired. The resolution dismissing him provided:
“The chair requested motion to terminate the contract of Mr. Harry Sakai as elementary principal, basis that he was hired at the will of the Board. Mr. Mollica so moved, second by Mr. Sevcik. Mr. DiVecchio questioned the legal legality of this act, and the solicitor advised that the time Mr. Sakai was hired the motion specifically stated was being hired for one year. He was kept on afterwards on a month-to-month basis. He further stated that when a contract is in variance with the resolution, it becomes invalid, as it is in this case. Mr. Bencho asked that Mr. Sakai would be allowed to retire, and it was general consensus that since he was thirty-five years in he would be entitled to retirement income.”
If ever an example were needed to show the wisdom of a statutorily mandated uniform professional employee’s contract so that the employee and the Board may know where they stand, this case could be such an example. In his opening remarks to the court below, the attorney for appellee stated:
“The School Board in July of 1970, a meeting, passed a resolution wherein Dr. Sakai was to be hired. I will read the resolution motion by Mr. Dzadony seconded by Mr. Halupa to elect Harry Sakai elemen *644 tary principal for a period of one year effective July 1, salary $14,000. Motion carried 7-2.
“It is the School District’s position that Mr. Sakai came out of a nontenure position, which was superintendent of schools, requested one year additional year with the School District; that pursuant to that a resolution was passed authorizing the appropriate officers to enter into a one-year contract only. That is the School District’s position, that this resolution is governing since no matter what contract was signed the resolution must govern the authority of any officer who signs the contract, and the contract must be limited by the authority of this July resolution. Therefore, it is the District’s position that the only contract that could have been signed was a one-year contract with Mr. Sakai; and, therefore, the plaintiff’s position that he is a tenured employee and must be dismissed only pursuant to the Public School Code is not applicable in this situation since the Code in our estimation is not given the right to contract, and to contract less than a tenure contract is free to do so.” (sic)
If that statement represented the law, all that every school board needs to do to emasculate tenure is to pass a resolution hiring a professional employee for only one year and then execute the standard form of contract.
The landmark case of Mullen v. DuBois Area School District, 436 Pa. 211, 259 A.2d 877 (1969), expressly overruling a long line of cases, held that board action inconsistent with the mandate of the statute could not be used by the board to deny an employee his proper rights in accordance with his contract. In our opinion, the instant case is even a stronger case for the employee.
Appellee, while not abandoning it, does not press the argument that appellant was only an assistant elementary principal. Indeed, on this record, appellant could not be found to be other than an elementary principal. He was so designated in the contract he executed, the duties, he *645 performed were those of an elementary principal, and the Board resolution terminating his contract designated the position he occupied as that of an elementary principal. This is a tenured position. Section 1101 of the Public School Code of 1949, 24 P.S. §11-1101.
As indicated in the quotations above, the appellee takes the position that its otherwise inappropriate action was done as an act of kindness to appellant. Appellant specifically denies that he had any knowledge of the terms of the contract being other than those incorporated in the contract. However, at best, appellee’s position could be interpreted as stating that an employee entitled to tenure could “waive” his rights in exchange for a one-year contract. Again, were this the law, a board could require all prospective employees to waive the tenure provisions. Such cannot be the law.
Reversed.

. Judge Kramer’s opinion in Narducci v. School District of the City of Erie, 4 Pa. Commonwealth Ct. 202, 285 A.2d 888 (1971), adequately discusses the law that a tenured employee does not carry his previous tenured status into a nontenured position.