Patricia Brumbaugh, Petitioner *v.* Board of School Directors of the Tussey Mountain School District, Respondent.

Argued September 12, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*J. Michael Dorezas,* with him *Jolene M. Grubb, Patterson, Evey, Routch, Black & Behrens,* for petitioner.

*J. Thomas Menaker,* with him *Jason S. Shapiro, McNees, Wallace & Nurick,* for respondent.

*Michael I. Levin,* with him *William Fearen, Cleckner and Fearen,* for Amicus Curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE MENCER, December 11, 1980:

Patricia Brumbaugh (petitioner) has appealed from a decision of the Secretary of Education affirming the order of the Tussey Mountain School District (Tussey Mountain) which denied petitioner reinstatement as a reading teacher and coordinator. We affirm.

Prior to the beginning of the 1977-78 school year, petitioner requested and received a one-year leave of absence from her tenured position with the Huntingdon Area School District (Huntingdon). Tussey Mountain then hired petitioner as a reading specialist and coordinator for a one-year term. Although petitioner had never submitted a resignation to Huntingdon, she notified the Tussey Mountain School Board, on July 10, 1978, of her intention to remain at Tussey Mountain. On August 2, 1978, Tussey Mountain voted not to reemploy petitioner, and she thereupon resumed employment with Huntingdon for the 1978-79 school year.

Petitioner argues that Tussey Mountain is attempting to circumvent the tenure system of the Public School Code of 1949 (School Code)[1] by refusing to

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

rehire her. She syllogizes that (1) she was hired to fill a vacant full-time position that opened after a tenured professional employee had retired; (2) only a professional employee or temporary professional employee[2] could be hired to fill such a position; (3) since petitioner had attained the status of professional employee with tenure, she could only be hired in this capacity; and (4) therefore, Tussey Mountain was bound by the School Code tenure system to reemploy her. We disagree with petitioner's characterization of the issue as one in which she is being denied the benefits of the tenure system. Rather, we believe the question is whether the benefits of tenure may be simultaneously invoked in two school districts *at the same time.*

Petitioner relies on Section 1108(b) of the School Code, 24 P.S. §11-1108(b), which provides: "No professional employe who has attained tenure status in any school district of this Commonwealth shall thereafter be required to serve as a temporary professional employe before being tendered [a regular contract of employment] when employed by any other part of the public school system of the Commonwealth." Although this section deals with the permanency of tenure status, we do not conclude that it was intended to address the unique problem engendered by a professional employee who seeks to invoke tenure in one school district while on leave of absence and tenured in another.

The statute must be read in light of the reasons for its enactment. The purpose of the tenure provision was to foster an atmosphere of job security for teach-

---

[2] The chief distinction between a "temporary professional employee" and a "professional employee" is that a temporary professional employee lacks tenure and certification. *Phillippi v. School District of Springfield Township*, 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977).

ers, free from political and personal interference, while at the same time balancing the school district's need for autonomy over administrative policy. *Ehret v. Kulpmont Borough School District,* 333 Pa. 518, 5 A.2d 188 (1939); *Sporie v. Eastern Westmoreland Area Vocational-Technical School,* 47 Pa. Commonwealth Ct. 390, 408 A.2d 888 (1979). The intent of the statute is fulfilled by insuring petitioner a guaranteed, protected position in one school district. We cannot agree with the overexpansive interpretation urged by petitioner which would allow her to gain the additional benefit of simultaneous tenure in a second school district. Petitioner already had the security of continued employment since Huntingdon was statutorily bound to reinstate her at the expiration of the one-year leave of absence, with full seniority and salary rights. Section 1168 of the School Code, 24 P.S. §11-1168; Section 522 of the School Code, added by Section 1 of the Act of August 19, 1953, P.L. 1087, 24 P.S. §5-522; Section 522.1 of the School Code, added by Section 1 of the Act of September 19, 1961, P.L. 1477, 24 P.S. §5-522.1. These rights could only be abrogated at the instigation of petitioner. Section 1168 of the School Code. The statute clearly was not intended to allow a teacher to secure reinstatement, seniority, and salary benefits in two school districts at the same time.

Petitioner maintains that certain policy considerations are promoted by a finding in her favor. She argues that, if the Tussey Mountain position is upheld, school districts will be able to evade the School Code tenure provisions by issuing one-year contracts to professional employees. Our holding, however, is much more limited. We merely sanction the hiring of a professional employee for a limited term in those cases in which the teacher is on leave of absence and has retained tenure rights elsewhere.

Our decision in *Sakal v. Sto-Rox Schools,* 19 Pa. Commonwealth Ct. 639, 339 A.2d 896 (1975), does not require a contrary result. In *Sakal,* appellant was a professional employee hired to fill a tenured position. The school board subsequently passed a resolution limiting his term of service to one year. The *Sakal* court expressly rejected the ability of a school district to override the provisions of the tenure statute. The instant case is distinguishable because petitioner was on a leave of absence and had full tenure rights in another district. In this limited circumstance, a contract restricting the term of service to one year is permissible since it cannot properly be characterized as an evasion of the tenure statute.

Moreover, this interpretation of the tenure provisions is supported by sound public policy. A teacher should not be allowed to foist himself into a permanent position without first terminating his association with another school district. A contrary holding would lead to "tenure shopping" and disrupt the smooth maintenance of an adequate teaching staff among school systems. Furthermore, school districts would be reluctant to accept teachers on sabbatical leaves from other schools if the teachers could later assert the right to permanent positions in their districts. Professional employees would then be deprived of the beneficial opportunity of teaching in other districts for health and study purposes under Section 1166 of the School Code, 24 P.S. §11-1166.

Accordingly, we enter the following

ORDER

AND Now, this 11th day of December, 1980, the order of the Secretary of Education, dated September 10, 1979, affirming the decision of Tussey Mountain School District not to reinstate Patricia Brumbaugh, is affirmed.