Love, Appellant, *v.* Redstone Township School District.

Argued September 29, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Anthony Cavalcante,* for appellant.

*Eustace H. Bane,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 9, 1953:

An action in mandamus was brought by Dora S. Love, a school teacher, to compel the defendant School

District of Redstone Township, Fayette County, to recognize the right of the plaintiff to be classified as a professional employe under the provisions of the Teachers' Tenure Act of April 6, 1937, P. L. 213, as amended, 24 PS 11-1101 et seq. This appeal is from the final order of the Court of Common Pleas of Fayette County which overruled and dismissed plaintiff's exceptions to the findings of fact, conclusions of law and order nisi. The case was heard by the court sitting without a jury. The facts are not disputed. The controversy is whether the facts show plaintiff legally attained the status of a permanent professional employe as defined by the Teachers' Tenure Act. If so, she thereby became entitled to the benefits which are conferred therein.

The appellant is duly certified to teach in the elementary schools of this Commonwealth. She has held a state normal school diploma since June 27, 1921. This diploma was registered in the office of the Superintendent of Schools of Fayette County on September 4, 1941.

At the beginning of each of the school years, in August or September, of 1941 to 1944, defendant entered into written contracts with plaintiff for her services as an *"elementary substitute teacher"*. The plaintiff's remuneration as set forth in the contracts was as follows: 1941, for a term of nine school months at $5.00 a day for each day taught; 1942, for a term of nine school months at $5.55 a day for each day taught; 1943, for a term of nine school months at an annual compensation of $1,050.00 (plus a temporary cost of living increase of $300.00 allowed by the Legislature), payable in nine equal monthly installments during the school year, less certain contributions; 1944, for a term of nine school months at an annual compensation of $1,400.00 (plus a temporary cost of living increase of

$250.00 allowed by the Legislature), payable in twelve equal monthly installments during the school term, less certain contributions. The first three contracts provided that in the absence of notice to the contrary the contract should continue in force year after year, but that *it was not a tenure contract* and terminated at the close of each of the school years for which it was signed. The 1944 contract, unlike the previous ones, provided that it should continue in force for one year, and also provided, as had the others, that *it was not a tenure contract* and terminated at the close of the 1944-45 school term. In all other material respects the four contracts were alike. They were all entitled "Substitute Teacher's Contract".

During the first semester of the school term 1941-42 the plaintiff taught intermittently in various schools of the district in the places of regular teachers temporarily absent. The plaintiff taught continuously during the second semester, beginning February 2, 1942 in the elementary school at Royal in the place of a regular teacher who had been called into military service. During the first semester of the school term 1942-43 plaintiff taught continuously in the elementary school at Republic in the place of a regular teacher absent on account of illness; and during the second semester she taught continuously in the elementary school at Allison in the place of a regular teacher who had resigned before the beginning of the semester. In the school year 1943-44 she taught continuously in the elementary school at Colonial No. 3 in the place of a regular teacher who had been transferred to the high school at Republic. During the last school term in question, 1944-45, she taught continuously in the elementary school at West Point as school principal in the place of a regular teacher who had been transferred to the high school at Republic.

At the commencement of the school term in the fall of 1945 plaintiff was informed that she had not been re-elected and would not be re-employed except as a substitute teacher on a day to day basis. In the spring of 1946 she demanded, at a board meeting, that she be given a tenure contract as a *permanent professional employe* since she was qualified to teach and had taught continuously for more than two years. The board refused to accede. This action in mandamus is the result of that refusal.

The Teachers' Tenure Act which was in force at the commencement of appellant's employment was the Act of June 20, 1939, P. L. 482, 24 PS 11-1101. This act defined the terms "professional employe", "substitute" and "temporary professional employe", whereas the original Teachers' Tenure Act of 1937 merely defined the term "professional employe". These terms as defined by the Act of 1939 are as follows:

"The term 'professional employe', as used in this act, shall include teachers, . . . and any regular full-time employe of a school district who is duly certified as a teacher.

"The term 'substitute' shall mean any individual who has been employed to perform the duties of a regular professional employe during such period of time as the said regular professional employe is absent on sabbatical leave or for other legal cause authorized and approved by the board of school directors or to perform the duties of a temporary professional employe who is absent.

"The term 'temporary professional employe' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal."

The act further provides that if after a two year probationary period the temporary professional employe is found proficient he becomes entitled to the status of a permanent professional employe.

It is clear that the Legislature provided for two separate classifications to fill the positions created by the absence or leave of a professional employe. If the absence or leave were permanent then the position was to be filled by a temporary professional employe who later would be elevated to permanent status if found qualified. The vacancy which the Legislature intended a temporary professional employe to occupy is a position to which a teacher will not return. If there were no vacancy *in this sense* then this position was to be filled by a substitute.

As a result of the emergency created by the Second World War it became apparent that it would be impossible to ascertain the number of permanent vacancies with which each school district would be faced. Accordingly, the Legislature in 1943 amended the Act (Act of May 21, 1943, P. L. 273, 24 PS 11-1101) and further defined the term "substitute" by adding the following: ". . . or who has been employed with the approval of the district or county superintendent and of the Superintendent of Public Instruction, during the present wartime emergency and for a period not longer than one year beyond the cessation of hostilities, to fill a vacancy until an acceptable qualified teacher can be obtained."

The school board was thus given an opportunity to fill any vacancy with a substitute regardless of whether or not such vacancy were permanent. They were not obliged to fill a vacancy with a *temporary professional employe* to whom the Tenure Act would eventually attach. If such were the case a school board might find itself, when normal conditions returned,

in the dilemma of having more teachers than required, with the obligation of paying all a salary.

This case is an apt illustration of what the Legislature so intended. The defendant school district employed appellant as an *elementary substitute teacher.* Her contract was thus named "Substitute Teacher's Contract". Each of the contracts specifically stated that she was elected as an "elementary substitute teacher" and that "this is not a tenure contract". The minutes of the School Board show in each instance that plaintiff was elected as a substitute teacher. Appellant cites *Jones v. Kulpmont Borough School District,* 333 Pa. 581, 3 A. 2d 914, to support her argument that a permanent supply teacher is a regular full-time employe duly certified as a teacher within the Teachers' Tenure Act. What was said there does not apply to the present facts because of the subsequent amendments to the act. In *Commonwealth ex rel. Hetrick v. Sunbury School District,* 335 Pa. 6, 6 A. 2d 279, decided subsequently to the *Jones v. Kulpmont Borough* case, the court was again presented with the question of the construction to be given to the definition of a professional employe as including "any regular full-time employe of a school district who is duly certified as a teacher". The word "regular" was held not to include one who was only elected as a *substitute.*

It is clear that the Legislature intended to permit the school boards to elect substitutes to fill vacant positions. Furthermore, the actions of the school board show that there was no attempt to fill vacant positions with temporary professional employes. Therefore, appellant's employment cannot ripen into the status of a permanent professional employe.

What Justice (later Chief Justice) Drew said in the *Hetrick* case has particular application to the present facts (p. 11): ". . . Of all the duties of school

boards the selection of teachers is perhaps the most important. The success of the school depends upon the efficiency of the teachers . . . . we will not curtail the efficient conduct of an educational program by interfering with the legitimate exercise of the sound discretion of a school board in the manner of filling vacancies . . . . 'When their actions are challenged, the burden . . . rests on those asserting it, and it is a heavy burden; courts can and will interfere only when it is made apparent this discretion has been abused' ".

The order is affirmed at the cost of appellant.