Tyrone Area Education Association, Appellant *v.* Tyrone Area School District, Appellee.

Argued March 1, 1976, before President Judge BOW-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., and BLATT. Judges MENCER and ROGERS did not
participate.

*Randall C. Rodkey*, with him *Abood, Rodkey & Eckel*,
for appellant.

*John D. Thrush*, with him *Thomas H. Lane*, and
*Morgan, Lewis & Bockius*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 14, 1976:

The issue presented for our resolution is whether the
teacher was a "substitute"[1] or "temporary professional
employe."[2] If she were a "temporary professional em-
ployee," then admittedly the mandated procedure to sus-
pend or dismiss her was not followed and the award of the

---

1. For the definition of "substitute," *see* Section 1101(2) of
the Public School of 1949, Act of March 10, 1949, P.L. 30, *as
amended*, 24 P.S. §11-1101(2) (School Code).

2. For the definition of "temporary professional employe,"
*see* Section 1101(3) of the School Code, 24 P.S. §11-1101(3).

arbitrator must be reversed. If she were a "substitute," then the arbitrator's award was correct and must be affirmed. After a careful review of the record, we must hold that she was a "substitute," and therefore must affirm the award of the arbitrator.

Lidian Pow (Grievant) was hired by the Tyrone Area School District (Appellee) as a full time substitute teacher to replace a permanent professional employe who was on education sabbatical. Tyrone Area Education Association (Appellant) contends that upon the resignation of the professional employe, for whom Grievant substituted, Grievant automatically achieved a status of a "temporary professional employe."

In *Love v. Redstone Township School District*, 375 Pa. 200, 100 A. 2d 55 (1953), appellant, Love, who was an "elementary substitute teacher,"[3] sought a tenure contract as a "permanent professional employe" because she had taught continuously for more than two years. The late Justice STEARNE, speaking for our Supreme Court, wrote:

> "It is clear that the Legislature provided for two separate classifications to fill the positions created by the absence or leave of a professional employe. If the absence or leave were permanent then the position was to be filled by a temporary professional employe who later would be elevated to permanent status if found qualified. The vacancy which the Legislature intended a temporary professional employe to occupy is a position to which a teacher will not return. If there were no vacancy *in this sense* then this position was to be filled by a substitute." (Emphasis in original.)

---

3. The Teachers' Tenure Act, which was in force at the commencement of Love's employment, was the Act of June 20, 1939, P.L. 482, 24 P.S. §11-1101. This Act and the School Code have identical definitions for substitute and temporary professional employes.

486

Here, we have an analogous situation. Grievant was elected by the School Board of Appellant to be a "full time substitute teacher" for the 1974-75 school term. At the time of her election, the vacancy which she was to occupy was a position to which the teacher was to return. This being so, there was no vacancy which a "temporary professional employe" could fill; consequently, a substitute was the appropriate classification. *Love, supra.*

Appellant would have us rewrite Grievant's contract in spite of the *caveat* in *Love*, "we will not curtail the efficient conduct of an educational program by interfering with the legitimate exercise of the sound discretion of a school board in the manner of filling vacancies." 375 Pa. at 206, 100 A. 2d at 58. Appellant's employment cannot ripen into the status of a temporary professional employe. Therefore, we

ORDER

AND NOW, this 14th day of May, 1976, the award of the arbitrator dated October 10, 1975, is affirmed and the appeal dismissed.

Judge KRAMER did not participate in the decision in this case.