The Portage Area School District, Appellant *v.* Portage Area Education Association.

Argued October 28, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Dennis M. McGlynn,* with him *Bionaz, Raptosh & McGlynn,* for appellant.

*William K. Eckel,* for appellee.

OPINION BY JUDGE KRAMER, January 18, 1977:

This is the appeal of The Portage Area School District (District) from an award of $360 made by an arbitrator in favor of Mrs. Patricia Rylke, pursuant to grievances alleging violations by the District of the collective bargaining agreement (Agreement) between the District and the Portage Area Education Association, Mrs. Rylke's collective bargaining agent.

Mrs. Rylke, a properly certified business education teacher in the District, was suspended in 1973 due to a substantial decrease in enrollment. In January 1975, the District instituted a 10-week adult class session in business education. The compensation for the

instructor was fixed at $180. The District posted notice of the need for a teacher in this program in the teachers' room, as provided by the Agreement, but failed to notify Mrs. Rylke of the opening. Since Mrs. Rylke was not employed by the District, she in fact had no notice of the District's need for an instructor. Another person, neither a regular nor suspended teacher, was employed. A similar adult business education program was conducted in October 1975. It required an instructor at the same rate of pay. Again Mrs. Rylke was given no notice of the opening.

The Education Association filed grievances on each occasion, alleging violation of Section 1125(c) of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1125(c). The grievances were ultimately referred for binding arbitration, and the arbitrator concluded that the District had twice violated Section 1125(c) and awarded Mrs. Rylke the amount which she would have received had she taught the two classes. The District has appealed. We affirm.[1]

We have adopted as our standard of review of arbitrators' awards the so-called "essence test," which says that we will disturb an award only when the arbitrator has manifestly disregarded the collective bargaining agreement. *Teamsters Local Union No. 77 v. Pennsylvania Turnpike Commission*, 17 Pa. Common-

---

[1] In a recent opinion by President Judge Bowman in *Phillippi v. Springfield Township School District*, 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977), this Court concluded that only *tenured* professional employees are entitled to be suspended pursuant to Section 1124 of the Code, 24 P.S. §11-1124, and, therefore, only they have rights of reinstatement under Section 1125(c).

In the present case, a careful review of the briefs and records has failed to disclose any indication of Mrs. Rylke's status with regard to tenure. Therefore, to bring this case into conformance with the law as announced in *Phillippi, supra*, we will assume that Mrs. Rylke is tenured.

wealth Ct. 238, 331 A.2d 588 (1975). We find no manifest disregard of the Agreement by the decision here.

By Article IV, Section A of the Agreement, the District agreed to hire professional personnel in conformity with the school laws of Pennsylvania. Section 1125(c) of the Public School Code of 1949 provides:

> No suspended employe shall be prevented from engaging in other occupation during the period of such suspension. Suspended professional employes shall be reinstated in the inverse order of their suspension. *No new appointment shall be made while there are suspended professional employes available, who are properly certified to fill such vacancies.* (Emphasis added.)

The arbitrator properly concluded that the District was required to offer the position of instructor for both adult business education sessions to Mrs. Rylke before making a new appointment. The District's contention that Section 1125(c) prohibits new appointments only to positions previously occupied by a suspended professional employee, or positions comparable thereto, is without merit, in the face of Section 1125(c)'s failure to express or imply any such limitation.

There is no merit to the District's further contention that the Association in bad faith delayed lodging grievances. It refers apparently to the filing of the grievance concerning the January 1975 session after the session was over. In view of the District's position that Mrs. Rylke was not in any case entitled to fill the vacancy, we fail to understand how it was hurt by any delay. The second grievance seems to have been more promptly filed. The District's further argument that Mrs. Rylke should not have received an award because she was employed as a sec-

retary in 1975 is likewise ineffective in view of Section 1125(c)'s specific approval of such employment by suspended employees.

Accordingly, we enter the following

ORDER

AND Now, this 18th day of January, 1977, it is ordered that the appeal of The Portage Area School District be and is hereby dismissed and that the decision and award of the arbitrator be and is hereby affirmed.