Patricia Alwine, Appellant *v.* Board of School Directors of Richland School District, Appellee.

Argued October 30, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*William K. Eckel,* for appellant.

*Samuel F. Rizzo,* with him *Ralph F. Kraft,* for appellee.

OPINION BY JUDGE ROGERS, January 5, 1979:

Patricia Alwine has appealed from an order of the Court of Common Pleas of Cambria County dismissing

her exceptions to the findings of fact, conclusions of law, and order of a judge made after a non-jury trial of her suit in mandamus against the Richland School District.

Alwine, a tenured professional employee with a certificate in home economics, taught that subject in the Richland School District for two years. She was then suspended from her employment for one of the authorized reasons set out in Section 1124 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1124. The legality of the suspension is not in issue.

On February 28, 1977, Beverly Johns, a home economics teacher still employed by the School District, reported off work on account of illness. Johns went on approved sick leave which, twice extended, lasted until the end of the school year in the Spring of 1977. Johns's duties during her absence on approved leave were performed by a person chosen from a list of approved substitute teachers kept by the School District.

In early March, 1977 Alwine asked the school principal why she, Alwine, had not been employed to perform Johns's duties during the latter's absence. The principal told Alwine that in order to be chosen for employment as a substitute for professional employees temporarily absent for approved cause, she would have to ask that her name be placed on the school's list of substitutes. Alwine declined to seek placement on the substitutes list. She instead commenced her suit in mandamus asserting that the School District was required to employ her as a substitute teacher during Johns's absence because as a suspended professional employee she was entitled to that employment. The court below concluded that the School Board was not required to employ Alwine to perform Johns's duties during the latter's absence on leave.

We agree and will affirm its decision in favor of the School District.

Alwine relies principally on Subsection (c) of Section 1125 of the Public School Code of 1949, 24 P.S. §11-1125(c), as follows:

Suspensions and Reinstatements; How Made.—

. . . .

(c) . . . Suspended professional employes shall be reinstated in the inverse order of their suspension. No new appointment shall be made while there are suspended professional employes available, who are properly certified to fill such vacancies.

Section 1101 of the Public School Code of 1949, 24 P.S. §11-1101, is also pertinent because it provides the definitions of the categories of professional employees with which we are concerned, as follows:

(1) The term 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

(2) The term 'substitute' shall mean any individual who has been employed to perform the duties of a regular professional employe during such period of time as the regular professional employe is absent on sabbatical leave or for other legal cause authorized and approved by the board of school directors or to perform the duties of a temporary professional employe who is absent.

(3) The term 'temporary professional employe' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal.

Reverting now to Subsection (c) of Section 1125, we observe that suspended professional employees are thereby required to be *reinstated* in appropriate circumstances. Webster's Third New International Dictionary defines the verb reinstate as "to place again (as in . . . a former position)". The question is whether the position of substitute for a temporarily absent professional employee is "the former position" of a suspended professional employee in which he is entitled to be placed by Subsection (c) of Section 1125. Clearly not. In *Gorski v. Dickson City Borough School District*, 178 Pa. Superior Ct. 158, 113 A.2d 334 (1955), Gorski, a suspended professional employee, asserted that one Safinowski, another suspended professional employee with less seniority, had been improperly reinstated in her, the plaintiff's, stead. Safinowski had in fact been employed as a substitute during another teacher's authorized absence. The Superior Court reversed a judgment for the plaintiff entered in the trial court, writing: "[Gorski] had the burden of showing that Lottie Safinowski had been reinstated as a 'professional employe'. To do so she is obliged to show some formal action by the appellant board showing the reinstatement. No such evidence was produced. Lottie Safinowski testified that she was only teaching temporarily as a substitute. The word 'reinstate' means to return to a former status; in this case it means to return the teacher to the status she enjoyed prior to her suspension. . . . Since Lottie Safinowski was not re-

turned to her former status it cannot be said she was reinstated." 178 Pa. Superior Ct. at 168-69, 113 A.2d at 339. If as *Gorski, supra,* holds, a suspended professional employee hired as a substitute has not been reinstated, it follows that a suspended temporary professional employee's entitlement to reinstatement does not include the right to be employed as a substitute.

In *Love v. Redstone Township School District,* 375 Pa. 200, 100 A.2d 55 (1953), a person who had been employed as a substitute teacher sued to compel the School District to recognize her right to be classified as a professional employee. The Supreme Court rejected this contention and wrote:

> It is clear that the Legislature provided for two separate classifications to fill the positions created by the absence or leave of a professional employe. If the absence or leave were permanent then the position was to be filled by a temporary professional employe who later would be elevated to permanent status if found qualified. The vacancy which the Legislature intended a temporary professional employe to occupy is a position to which a teacher will not return. If there were no vacancy *in this sense* then this position was to be filled by a substitute. (Italics in original.)

375 Pa. at 204, 100 A.2d at 57.

Applying the *Love* declaration to the present facts, there would be a vacancy to which Alwine was required to be appointed under Subsection (c) of Section 1125 only if Beverly Johns was not going to return to her position. Since Beverly Johns was in fact going to return, no vacancy existed. There was therefore only Johns's absence, properly required to be filled by a substitute, as the statutory definition of "substitute" at Section 1101 requires.

Alwine's dependence on language in *Portage Area School District v. Portage Area Education Association, 28* Pa. Commonwealth Ct. 244, 368 A.2d 864 (1977), is misplaced. In that case the suspended professional employee successfully claimed that she should have been appointed to a newly created, and therefore vacant, teaching position in subjects for which she was certified. We were not there, as we are here, concerned with a suspended professional employee's claim of entitlement to employment in a position in which there is no vacancy.

This case has more than semantic significance. Reinstated professional employees are paid more than substitutes. See Sections 1148 and 1142 of the Public School Code of 1949, 24 P.S. §§11-1148, 11-1142.

The statutes and the cases cited demonstrate that the court below properly concluded that Alwine had not shown a right to relief in mandamus.

Order affirmed.

### ORDER

AND Now, this 5th day of January, 1979, the final order of the Court of Common Pleas of Cambria County, made September 16, 1977, is affirmed.