Pottsville Area School District et al., Appellants *v.* Debra S. Marteslo, Appellee.

482

Argued October 8, 1980, before Judges Craig, Mac-Phail and Williams, Jr., sitting as a panel of three.

*Alvin B. Marshall,* with him *Thomas R. Kline, Lipkin, Stutzman, Marshall & Bohorad, P.C.,* for appellants.

*A. Martin Herring,* of counsel, *Teitelman and Herring,* for appellee.

Opinion by Judge MacPhail, December 19, 1980:

The Court of Common Pleas of Schuylkill County entered an order on July 23, 1979 directing Pottsville

Area School District et al. (District) to afford Debra S. Marteslo (Appellee) a hearing to determine the validity of the termination of her employment with the District. We reverse.

Appellee, a certified teacher, was hired by the District in January of 1974 to perform the duties of an art teacher who had resigned her position late in 1973 effective January, 1974. By letter, Appellee advised the Superintendent of the Pottsville Area School District that she was interested in "substituting on a day-to-day basis" in the middle school art program where the resignation previously noted had created a vacancy. Subsequently, she was hired by the District as a "substitute" teacher. In March of 1974, however, Appellee directed a letter to the Superintendent of Schools, via counsel, informing the District that it was error to consider her as a substitute and requesting she be designated a temporary professional employee with all rights and privileges provided by Section 1108 of the Public School Code (Code).[1] The record does not include the District's response to the Appellee's letter, but clearly she was not afforded the protections of Section 1108 since her employment was terminated by the District in or about June of 1974 without any rating of her services having been made. In Septem-

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1108. Section 1108 of the Code provides as follows:

(a) It shall be the duty of the district superintendent to notify each temporary professional employe, at least twice each year during the period of his or her employment, of the professional quality, professional progress, and rating of his or her services. No temporary professional employe shall be dismissed unless rated unsatisfactory, and notification, in writing, of such unsatisfactory rating shall have been furnished the employe within ten (10) days following the date of such rating. The rating of a temporary professional employe shall be done as provided in section one thousand one hundred twenty-three of this act. As amended 1970, Jan. 14, P.L. (1969) 468 §38, effective July 1, 1970.

ber of 1974, a temporary professional employee was hired to fill the teaching position formerly held by Appellee.

On May 1, 1975, Appellee filed a complaint in mandamus with the lower court seeking, inter alia, designation as a temporary professional employee, reinstatement to her position with the District, and any lost wages resulting from the allegedly erroneous designation.

The District filed preliminary objections to the complaint; these were partially sustained. An amended complaint and answer thereto were subsequently filed. The District averred, in new matter, that Appellee had requested to be hired as a substitute and that the District had followed Department of Education guidelines in according her substitute status.

Appellee filed a motion for summary judgment and the District filed a motion for judgment on the plead-

(b) A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of such service, as being satisfactory shall thereafter be a "professional employe" within the meaning of this article. The attainment of this status shall be recorded in the records of the board and written notification thereof shall be sent also to the employe. The employe shall then be tendered forthwith a regular contract of employment as provided for professional employes. No professional employe who has attained tenure status in any school district of this Commonwealth shall thereafter be required to serve as a temporary professional employe before being tendered such a contract when employed by any other part of the public school system of the Commonwealth.

(c) Any temporary professional employe who is not tendered a regular contract of employment at the end of two years of service, rendered as herein provided, shall be given a written statement signed by the president and secretary of the board of school directors and setting forth explicitly the reason for such refusal.

(d) Temporary professional employes shall for all purposes, except tenure status, be viewed in law as fulltime employes, and shall enjoy all the rights and privileges of regular full-time employes.

ings. The lower court determined that Appellee was, in fact, a temporary professional employee and had established a clear right to be so designated. Accordingly, the court granted Appellee's motion for summary judgment but limited its relief to directing a hearing pursuant to the Local Agency Law[2] to determine the propriety of Appellee's dismissal.

The issue presented by this case may be stated as whether the District had the authority under the circumstances herein to hire the Appellee as a substitute to fill a permanent vacancy until a suitable replacement was found.

The Code defines a substitute as

[a]ny individual who has been employed to perform the duties of a regular professional employe during such period of time as the regular professional employe is absent on sabbatical leave or for other legal cause authorized and approved by the board of school directors or to perform the duties of a temporary professional employe who is absent.

24 P.S. §11-1101. The position of substitute is clearly temporary in nature and the duration of the position is measured by the length of the absence of the regular professional employee. *See, e.g., Tyrone Area Education Association v. Tyrone Area School District*, 24 Pa. Commonwealth Ct. 483, 356 A.2d 871 (1976).

A temporary professional employee is defined by the Code as follows:

[a]ny individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal.

---

[2] Act of December 2, 1968, P.L. 1133, repealed by the Act of April 28, 1978, P.L. 202. Similar provisions are now found in the Local Agency Law, 2 Pa. C. S. §551 et seq.

24 P.S. §1101. The temporary professional employee is a probationary employee who may attain tenure upon receiving satisfactory ratings as specified in Section 1108 of the Code, 24 P.S. §11-1108. Thus, the distinction between a professional employee and a temporary professional employee is that the former has secured tenure. *Phillippi v. School District of Springfield Township,* 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977).

A general rule may be stated that where a position is vacated by a professional employee who does not intend to return, the person hired to fill the vacancy must be classified as a professional employee or a temporary professional employee. A permanent vacancy may not be filled indefinitely by a substitute. *Love v. Redstone Township School District,* 375 Pa. 200, 100 A.2d 55 (1953) and *Lincoln Intermediate Unit No. 12 v. Noble,* 55 Pa. Commonwealth Ct. 197, 423 A.2d 49 (1980). This rule will not be slavishly adhered to, however, where to do so would lead to an absurd result and seriously impair the efficient and intelligent administration of our schools. Nor do we perceive the rule as requiring school districts to *immediately* fill a permanent vacancy with a temporary professional employee.

Appellee argues that her status should be determined merely by reference to the nature of the vacancy she filled. The result of this reasoning would be to force a school district to either leave classes without teachers where an unexpected vacancy occurs or to have hired as a temporary professional employee *whomever* they call to fill in. Thus, if a teacher should die on a Wednesday, if the school district secures someone to take the classes on Thursday morning, that person is a temporary professional employee since the vacancy is surely permanent. Because we may assume that the Legislature did not intend an unreasonable

or absurd result,[3] we reject Appellee's mechanical interpretation of the Code.

Appellee relies on *Department of Education v. Jersey Shore Area School District*, 481 Pa. 356, 392 A.2d 1331 (1978). In that case, the Supreme Court of Pennsylvania held that a teacher who had been hired to serve in a federally funded reading program had been hired as a temporary professional employee and had secured tenure despite the absence of a written contract. In reaching this conclusion, the Court under-lined two factors: (1) the Department of Education had advised the school districts that teachers in federally funded programs were to be accorded the same rights as other employees rendering similar services[4] and (2) the understanding of the teacher involved was that she would be given a regular classroom job eventually.

*Jersey Shore's* holding that a written contract is not solely determinative of a teacher's status does not necessarily lead to the conclusion that the intent of the parties as to a teacher's status may be ignored.

Obviously, however, a school district cannot be permitted to fill a sudden vacancy with a substitute for an indefinite period of time. This valid concern is answered by Department of Education guidelines that guard against any erosion of the valid goals of the tenure system.

The guidelines in effect at the time Appellee was hired provided as follows:

A 'substitute' teacher may be temporarily assigned to fill a vacated position during the period between the vacating and the filling of

---

[3] Section 1922 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922.

[4] The Department's advice was found in The School Administrator's Handbook, Major Code 82-000, Page Code 82-100 (May 31, 1972).

the position with a qualified replacement whenever such period does not exceed six (6) weeks. Should a longer period be required, the advance consent of the Division of Certification should be received prior to any further extension of the substitute teacher's service.[5]

It is undisputed that the District followed this guideline in the instant case by requesting and receiving the consent of the Department of Education to retain the Appellee as a substitute teacher until the end of the 1973-74 school year.

Appellee was not hired to permanently replace the art teacher who had resigned, but was hired to fill in until a permanent replacement could be hired. The District sought time to screen applicants and conduct interviews. Appellee was not misled in any way as to her status and was free to leave her employment at any time. There was no intent to subvert the tenure system, nor was that the effect of the District's actions.

In a case decided prior to the addition of the definition of temporary professional employee to the Code, Justice DREW stated

Of all the duties of school boards the selection of teachers is perhaps the most important. The success of the school depends on the efficiency of the teachers. In the absence of clear legislative mandate, we will not curtail the efficient

---

[5] Pennsylvania Department of Education Certification Operating and Policy Guidelines, Approved August 21, 1973, page 15, Use of Substitute Teachers; Employment of New Teachers.

Present Department of Education guidelines provide that "[a] substitute may be temporarily assigned to fill a vacated position during the period between the vacancy and the employment of a qualified replacement whenever such period does not exceed three calendar months." Professional Personnel Certification and Staffing Policies and Guidelines, CSPG No. 79, Section C, 4 (1975).

conduct of an educational program by interfering with the legitimate exercise of the sound discretion of a school board in the manner of filling vacancies.

*Commonwealth ex rel. Hetrick v. Sunbury School District,* 335 Pa. 6, 11, 6 A.2d 279, 281-82 (1939).

We do not read Section 1101 as a clear mandate that school districts cannot exercise their discretion when faced with an unexpected vacancy. This is so in light of the fundamental policy of the school laws to provide quality education for our children and is in accord with the Legislative intent to subordinate all other considerations to this policy. *Johnson v. United School District Joint School Board,* 201 Pa. Superior Ct. 375, 191 A.2d 897 (1963).

The situation herein is distinguishable from *Jersey Shore, supra,* because there was no search for a permanent employee to fill the position therein nor had the position been suddenly vacated. Just as the Court in *Jersey Shore* gave due consideration to Department of Education guidelines and the understanding of the parties, so we do herein. Here, Appellee simply was not hired to replace the art teacher who had resigned, but was hired pursuant to Department of Education guidelines to fill in until a suitable replacement could be found.

We conclude that the trial court erred as a matter of law when it entered summary judgment for Appellee. Therefore, the order entered below must be reversed. Inasmuch as there is no genuine issue of material fact in the case, we will direct that judgment be entered for the District.[6]

---

[6] Summary judgment may be entered for a non-moving party. *Allegheny County Port Authority v. Flaherty,* 6 Pa. Commonwealth Ct. 135, 293 A.2d 152 (1972) and 2 Goodrich-Amram 2d §1035(b): 6 (1976).

## Order

AND Now, this 19th day of December, 1980, the order of the Court of Common Pleas of Schuylkill County, dated July 23, 1979, is reversed and judgment is hereby directed to be entered in favor of Pottsville Area School District et al.