Joy A. Bitler, Appellant *v.* Warrior Run School District, Appellee.

Argued September 18, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Peter J. O'Brien, O'Brien and Miller,* for appellant.

*H. William Koch, Koch and Foust,* for appellee.

OPINION BY JUDGE CRAIG, November 24, 1981:

Appellant Joy Bitler, a teacher, appeals from a decision of the Court of Common Pleas of Northumberland County dismissing her complaint in mandamus, which requested that the court order the Warrior Run School District to reinstate her as a regular professional employee and grant her back pay and benefits. Warrior Run had terminated Bitler's employment without a hearing.

Bitler had attained the status of a tenured professional employee in 1970, after teaching two years in the Danville School District. For the 1975-76 school year, Bitler and Warrior Run entered into a professional employee contract for Bitler to teach the third grade class of Mrs. Donna Elser, who had been granted

a maternity leave for that school year. At the end of that 1975-76 school year, Warrior Run and Bitler entered into a second professional employee contract for the 1976-77 school year, under which Bitler agreed to teach the second grade class of Mrs. Joan Spotts, then employed by the district as a Title I Coordinator, a reading program supervisor in a federally-funded program.

In May 1977, Warrior Run's principal notified Bitler that she would not be retained for the following school year, and the school district terminated her at the end of the 1976-77 school year.

After the school board denied Bitler's request for a hearing, she filed her complaint in mandamus alleging that, being a regular professional employee of the school district, Section 1127 of the Public School Code of 1949[1] (School Code), 24 P.S. §11-1127, entitled her to a hearing. In dismissing Bitler's complaint, the common pleas court determined that Warrior Run hired Bitler not as a regular professional employee, but as a "substitute" as that term is defined by Section 1101 of the School Code, 24 P.S. §11-1101.

Bitler first contends that, where a permanently tenured professional employee leaves the school district where she attained that status, a second school district cannot, under any circumstances, hire as a substitute professional employee devoid of a right to a hearing if terminated by the second district. We cannot agree.

Under School Code §1101, the term "substitute" is defined as *any individual* employed to replace temporarily a regular professional employee absent or on leave for legal cause approved by the school board. Occupation of a position as a substitute does not carry

---

[1] Section 1127 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1127.

with it the attributes of tenure. A professional employee can be hired as a substitute, *See Lincoln Intermediate Unit No. 12 v. Noble,* 55 Pa. Commonwealth Ct. 197, 201, 423 A.2d 49, 50 (1980). *See also Love v. Redstone Township School District,* 375 Pa. 200, 100 A.2d 55 (1953).[2]

In *Love,* our Supreme Court did not permit time spent as a substitute to be counted toward attainment of permanent professional employee status. If tenure evolves from a substitute's short-term (in this case one year) occupation of a position, then, when the regular occupant returns, the school board would be required to retain more teachers than it needed. Common Pleas Court Judge KREHEL correctly reasoned that the same principle applies where a substitute has otherwise attained permanent professional employee status.

In the alternative, Bitler contends that the court below erred in concluding that she was hired as a substitute professional employee in the specific circumstances present here. Bitler argues that the second contract between her and the school district, even though limited by its terms to the 1976-77 school year, placed her permanently in a bona fide vacancy. She buttresses her contention with the fact that Mrs. Spotts had been employed as the Title I Program Coordinator since the beginning of the 1974-75 school year, and thus had not taught her second grade class since the 1973-74 school year.

The key question therefore is a factual one, whether Bitler was hired to fill a bona fide vacancy.

---

[2] The fact that the parties used a professional employee contract is not controlling. Just as the wording of the contract cannot contravene the School Code to deprive an employee of tenure in a non-substitute position, *Sakal v. School District of Sto-Rox,* 19 Pa. Commonwealth Ct. 639, 339 A.2d 896 (1975), the use of a tenured form for a substitute position cannot change the Code's controlling effect upon the actual status.

If that question should be answered affirmatively, Bitler was entitled to a termination hearing because Warrior Run would have been required to hire Bitler, a tenured teacher, as a regular professional employee in that role. As *Lincoln* held, if a professional employee is hired to fill a vacancy, and therefore not as a substitute, there can be no dismissal without cause and due process. However, reviewing this record, we are satisfied that it contains substantial evidence to support the lower court's conclusion that no bona fide vacancy existed.

Before assuming the duties of Title I Coordinator, Mrs. Spotts had taught second grade for nine years. Although Mrs. Spotts had not taught her second grade class for four consecutive school years, the record clearly indicates that she had not abandoned her position, and had every intention of returning to it. The federal program in which she had been employed, funded on a year-to-year basis, was indeed temporary because the funding could have been denied at the end of any school year. Consequently, both Mrs. Spotts and Warrior Run's principal testified that Mrs. Spotts accepted a position in the program only on the condition that she could return to her teaching position should the program be denied funding.

Where, as here, a tenured teacher is employed to fill a position to which the regular teacher fully intends to return, there does not exist a bona fide vacancy and the tenured teacher temporarily filling the position is a substitute. *Tyrone Area Education Association v. Tyrone Area School District*, 24 Pa. Commonwealth Ct. 483, 356 A.2d 871 (1976). There is no provision in the School Code which requires that a termination hearing be held upon the termination of a substitute professional employee.

Accordingly, we affirm the decision of the Common Pleas Court.

ORDER

Now, November 24, 1981, the order of the Court of Common Pleas of Northumberland County, at No. CV-77-2087, dated November 2, 1979 is hereby affirmed.