534

School District of Philadelphia, Petitioner *v.* Eleanor Brockington, Respondent.

Submitted on briefs January 21, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Sally Akan,* General Counsel, with her, *Vincent J. Salandria,* for petitioner.

*Eleanor Brockington,* respondent, for herself.

OPINION BY JUDGE BLATT, July 8, 1986:

The School District of Philadelphia (District) appeals here an order of the Secretary of Education awarding Eleanor Brockington (respondent) back pay for the period of time between the date when the District's Board of Education (Board) held a hearing concerning her reassignment and the date when the Board rendered its decision.

The respondent served as a Coordinator of Instruction and Curriculum with the District from 1970 until 1975, when she took a sabbatical leave. Upon her return from leave in 1976, she was informed that her previous position as Coordinator had been a temporary or "acting" position, that it had been eliminated because the program in which she worked had been closed and that she would consequently have to be returned to a teaching position. She contested that assignment, and, following several discussions regarding her status, she was eventually assigned, in March 1977, as a Supervisor of Staff Development in the District's Special Education Division. She held this position until September 1979 when she was notified by the District's personnel office that this position was being eliminated from the budget. When she sought to clarify her status, she was informed, *inter alia,* that, because she did not possess the requisite certification for a supervisor's position,[1] she would have to be returned to a teaching position for which she *was* certified. She requested a hearing on this alleged demotion, and a hearing was held by the Board in February 1980. The Board, however, did not

---

[1] Provisions for Supervisory Certification are set forth in 22 Pa. Code §§49.111 and 49.112. The pertinent provisions regarding teaching certification are found at 22 Pa. Code §§49.71-49.85.

issue a decision until February 1984, when it voted to affirm the District's decision to reassign or "demote" her.[2]

Pursuant to Section 1151 of the Public School Code of 1949 (Code),[3] the respondent thereafter appealed the Board's decision to the Secretary, and the Secretary determined that her reassignment constituted a demotion of a professional employee under the provisions of the Code. The demotion, however, was affirmed, the Secretary holding that the Board had not acted arbitrarily and capriciously in light of the respondent's lack of supervisory certification. The Secretary, however, awarded back pay, stating that the Board's four-year delay in rendering its decision violated the respondent's rights under the Code, thus rendering the transfer invalid for the period prior to the date of the Board's decision.

The District contends here that the respondent, admittedly a tenured teacher, never acquired professional employee status as a *supervisor* and that, consequently, her reassignment to a teaching position in 1979 did not constitute a demotion under the provisions of Section 1151 of the Code. It further contends that, even if the respondent's reassignment did constitute a demotion, no legal basis exists to support the Secretary's award of back pay. It argues that, inasmuch as the Board provid-

---

[2] While the record is not totally clear on the point, it appears that the respondent refused the reassignment, and thereafter ceased to be employed by the District.

[3] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1151. Section 1151 pertinently provides that:

there shall be no demotion of any professional employe either in salary or in type of position, . . . without the consent of the employe, or if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as . . . in the case of the dismissal of a professional employe.

ed the respondent with a timely due process hearing and ultimately affirmed the decision to "demote" her, she did not suffer any prejudice because of the delay.

We must agree with the District that the Secretary improperly determined that the respondent's employment as a supervisor entitled her to the status of a "professional employee" so as to render her reassignment a demotion under the Code.

We note preliminarily that Section 1101 of the Code defines as a professional employee:

> those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, . . . dental hygienists, visiting teachers, . . . school counselors, child nutrition specialists, school librarians, . . . and school nurses.

24 P.S. §11-1101. We also note that we have previously held that classification as a professional employee is not retained when an employee so classified takes a nonprofessional position. *Fiorenza v. Chichester School District*, 28 Pa. Commonwealth Ct. 134, 367 A.2d 808 (1977). And, in *Occhipinti v. Board of School Directors, Old Forge School District*, 76 Pa. Commonwealth Ct. 516, 464 A.2d 631 (1983), we held that a teacher who lost her certification ceases to be a professional employee entitled to the full procedural protection afforded by the School Code. Similarly, nothing in the Code mandates that certification as a professional employee in one of the Section 1101 categories should entitle an employee to the Code's full protection upon removal from a position for which the requisite certification is lacking.

We are mindful, of course, that the legislature did not intend to restrict a school board's discretion so as to leave it incapable of fulfilling its responsibility to administer its school system efficiently. *School District of Philadelphia v. Twer*, 498 Pa. 429, 447 A.2d 222 (1982).

*Twer,* of course, presented the question of whether or not provisions requiring that pre-demotion hearings must be held prior to demoting tenured professional employees were applicable where a school board is required to cut its budget. In holding that pre-demotion hearings were not so required, the Supreme Court stated that any restrictions on the exercise of school authorities' power to ensure a better education for children were to be strictly construed on the basis that private interests are subordinate to public interests. We believe that the Secretary's ruling here incorrectly establishes that each professional employee classification enumerated in Section 1101 is equivalent to, and interchangeable with, each of the other classifications listed in that Section. A school board's efficiency, however, would clearly be hampered by a requirement that it must afford a pre-demotion hearing and decision prior to transferring a professional employee from a position to which he had been improperly assigned. Such reasoning would, for example, require that a pre-demotion hearing be held prior to reassigning a certified school nurse to medical duties in a case where she had meanwhile obtained an assistant principal's position for which she was not certified.

Even assuming *arguendo,* however, that the respondent had properly been deemed a professional employee for purposes of considering her alleged demotion, we believe that the back pay award should still be set aside. It was predicated upon the delay in rendering a decision regarding the matter, yet there is no question but that the hearing itself was timely held, and, although we do not condone such a delay in decision making as is here presented, we must note that the demotion was ultimately affirmed and that the delay did not in any way prejudice the respondent.[4]

---

[4] We must also observe that the respondent did not seek to expedite the Board's action by pursuing a mandamus action to compel the Board to render a decision.

We believe, therefore, that the Secretary correctly affirmed the decision to demote the respondent, but we must also conclude that the Secretary did err in determining that her rights under the Code had been violated and that any demotion would be ineffective prior to the date on which the Board rendered its decision. *See Twer* (noting that Section 1151 and prior case law do not conclusively require that a hearing must precede demotion). Accordingly, no basis exists to support the Secretary's award of back pay.

We will, therefore, affirm the Secretary's order insofar as it upholds the Board's decision affirming the respondent's demotion and we will reverse the Secretary's order to the extent that it awards back pay to the respondent.

ORDER

AND NOW, this 8th day of July, 1986, the order of the Secretary of Education in the above-captioned matter is affirmed insofar as it affirms the demotion of the respondent. That portion of the order which awarded the respondent back pay is reversed.

Judge COLINS dissents.